## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., a Michigan corporation, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 05-273 (JJF) ) ) |
| v. | ) ) ) |
| MIRAGE SYSTEMS, INC., a California corporation, GEORGE J. MOUSSALLY, an individual, and KENNETH L. FORD, an individual | ) ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS GEORGE J. MOUSSALLY AND KENNETH L. FORD'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR IMPROPER VENUE

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J Moussally, Kenneth L. Ford and
Substitute Defendant Eastman Kodak Company

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY  10002
(212) 230-8800

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY LLP
300 State Street
Rochester, New York  14614
(585) 454-0714

June 21, 2005

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii.

NATURE AND STAGE OF PROCEEDINGS ................................................. 1

SUMMARY OF ARGUMENT ..................................................................... 2

CONCISE STATEMENT OF FACTS ........................................................... 3

ARGUMENT ........................................................................................... 5

     I.     THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS
           SHOULD BE DISMISSED FOR IMPROPER VENUE BECAUSE THE
           EVENTS GIVING RISE TO THE CLAIMS OCCURRED IN
           CALIFORNIA ........................................................................ 5

CONCLUSION ......................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**                                                                                            **Page**

*Cottman Transmission Sys., Inc. v. Martino,*
    36 F.3d 291 (3d Cir. 1994)................................................................5,6,7

*Equidyne Corp. v. Does,*
    279 F. Supp. 2d 481 (D. Del. 2003)............................................................5

*Henshell Corp. v. Childerston,*
    1999 WL 549027 (E.D. Pa. July 28, 1999)...............................................6,7,8

*Loeb v. Bank of Am.,*
    254 F. Supp. 2d 581 (E.D. Pa. 2003) .......................................................7

*Nagele v. Holy Redeemer Visiting Nurse Agency, Inc.,*
    813 F. Supp. 1143 (E.D. Pa. 1993) .............................................................7

*Siegel v. Homestore, Inc.,*
    255 F. Supp. 2d 451 (E.D. Pa. 2003) ...........................................................6


**Statutes and Other Authorities**

Fed.R.Civ.P. 12(b)(3)...............................................................................1

28 U.S.C. § 1391.....................................................................................2

28 U.S.C. § 1406(a) ..............................................................................1,8

## NATURE AND STAGE OF PROCEEDINGS

This is a motion on behalf of the individual defendants, George Moussally and Kenneth Ford, to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue. In separate papers, all defendants move to dismiss, or in the alternative, stay this action. The individual defendants incorporate the description of the nature of the proceedings and underlying facts set forth in the opening brief in support of that motion.

As more fully described in the defendants' motion to dismiss or stay, this is an action for declaratory and other relief arising from a dispute between a Michigan corporation and a California corporation as to ownership of certain intellectual property rights, including U.S. Patent Nos. 5,138,459, 5,576,757, 6,094,219, 6,233,010, 6,323,899 and 6,496,222, (collectively, "the Roberts patents"). Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), is a Michigan corporation with a principal place of business in Michigan. Defendant Mirage Systems, Inc. ("Mirage") is a California corporation with a principal place of business in California and defendants Moussally and Ford, two corporate officers of Mirage, are both California residents.

This suit was precipitated by Mirage's filing of an action on April 12, 2005, in California Superior Court against St. Clair and three former Mirage employees, seeking a declaration of rights and other relief relating to the Roberts patents. The allegations against Moussally and Ford in this case stem wholly from Mirage's filing of the complaint in California and the alleged wrongful "dissemination" of the contents of the complaint. This activity did not take place in Delaware. Thus, venue in this court is improper.

## SUMMARY OF ARGUMENT

There is no basis under 28 U.S.C. § 1391 for asserting venue in the United States District Court for the District of Delaware as to Moussally and Ford. The relevant inquiry if whether "a substantial part of the events or omissions giving rise to the claim occurred" in Delaware.

Plaintiff alleges only that the individual defendants wrongfully conspired to disseminate, and actually disseminated, the contents of the so-called "Mirage complaint," an action seeking a declaration of ownership and damages, filed in California in April 2005, about three weeks before plaintiff commenced this action. St. Clair does not allege that dissemination of the contents of the Mirage complaint occurred in Delaware, and in fact, the Moussally and Ford declarations establish that they did not "disseminate" information in the Mirage complaint during their lone visit to Delaware in the Fall of 2004. Under the relevant authority in the Third Circuit, St. Clair's allegations -- in which no activity is claimed to have occurred in Delaware -- are not sufficient to establish proper venue in Delaware.

**CONCISE STATEMENT OF FACTS**

On April 12, 2005, Mirage filed suit against St. Clair and three individual

employees of St. Clair, Speasl, Roberts and Chikosky, in California state court, for

declaratory judgment of ownership of intellectual property, including U.S. Patent No.

5,138,459 ("the '459 patent") and its progeny (collectively, "the Roberts Patents"),that

rightfully belong to Mirage, but were wrongfully concealed and converted from Mirage

by the defendants (the "Mirage complaint"). In addition to the declaratory judgment,

Mirage seeks damages and equitable relief from one or more defendants for breach of

contract, breach of fiduciary duty, breach of covenant of good faith and fair dealing,

breach of duty of loyalty, misappropriation of trade secrets, negligent and tortious

interference with prospective economic advantage, misrepresentation, concealment,

conversion, unfair competition, and unjust enrichment.

On May 6, 2005, St. Clair filed this declaratory judgment action against Mirage,

Moussally and Ford, which essentially mirrors the Mirage Complaint ("the Delaware

action"). St. Clair also seeks a declaration of its ownership rights to the Roberts patents,

and alleges several tort claims that are based on Mirage's assertions of ownership of the

patents.

Prior to the filing of the Mirage complaint and the Delaware action, St. Clair was,

and still is, involved in litigation against Canon, Inc. and several other defendants who

are manufacturers of digital cameras.[1] Neither Mirage, Moussally nor Ford are

---

[1] There have been three infringement actions commenced by St. Clair in this court: St.
Clair v. Sony Corp. et al. (Civil Action No. 01-557-JJF); St. Clair v. Canon Inc., Civil

- 3 -

defendants in that litigation.  Although unrelated to the claims currently alleged against them, Moussally and Ford were scheduled to testify at trial in the <u>Canon</u> litigation in the fall of 2004.  This was the only occasion on which Moussally and Ford ever have been physically present in Delaware.  Although they were prepared to address the ownership of the Roberts patents, neither defendant was permitted to testify.

Moussally and Ford both live and work in California for a California company with a principal place of business in California.  Neither Moussally nor Ford has ever worked or lived in Delaware and neither owns property in Delaware.  Their only connection to Delaware was in the limited capacity of preparing to provide testimony in the <u>Canon</u> litigation, and they never provided that testimony.  Moreover, Moussally and Ford never discussed ownership of the Roberts patents with representatives or employees of any of the other defendants in the <u>Canon</u> litigation.

In its complaint in this action, St. Clair alleges only that Mirage's April 12, 2005 filing of its complaint in California state court and the alleged dissemination of the contents of the Mirage complaint prompted several defendants to question the validity of St. Clair's ownership of the Roberts patents and withdraw settlement offers.  DI 1 (Complaint ¶ 51) (hereinafter referred to as "Complaint").  In making its claims, St. Clair tacitly acknowledges that the events giving rise to the allegations against the individual defendants occurred in California, not Delaware.

_____

Action No. 03-241 (JJF) and <u>St. Clair v. Samsung Electronic Co. et al.</u>, C.A. No. 05-1436-JFF (D. Del. filed November 9, 2004).

ARGUMENT

I

**THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS
SHOULD BE DISMISSED FOR IMPROPER VENUE BECAUSE
THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED IN
CALIFORNIA.**

It is well-settled that when a defendant raises the issue of improper venue, it is the

plaintiff who bears the burden of proving that venue is proper in the district in which the

action is pending.  See, e.g., Equidyne Corp. v. Does, 279 F. Supp. 2d 481, 486 (D. Del.

2003).  In a diversity action, venue is proper under 28 U.S.C. 1391(a) in:

> 1)    a judicial district where any defendant resides, if all
>        defendants reside in the same State,
>
> 2)    a judicial district in which a substantial part of the
>        events or omissions giving rise to the claim
>        occurred, or a substantial part of property that is the
>        subject of the action is situated, or
>
> 3)    a judicial district in which any defendant is subject
>        to personal jurisdiction at the time the action is
>        commenced, if there is no district in which the
>        action may otherwise be brought.

Because none of the defendants reside in Delaware and because there is a district in

which the action may otherwise be brought, namely the Northern District of California,

the relevant inquiry is whether, under subsection (2), a "substantial part of the events or

omissions" occurred in Delaware.

In Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291 (3d Cir. 1994), the

leading case in the Third Circuit, the plaintiff, a Pennsylvania corporation, brought claims

arising out of a franchise agreement for trademark violations, unfair competition and

breach of contract against a Michigan corporation and its sole shareholder, a Michigan

resident.  Plaintiff commenced the action in the United States District Court for the

Eastern District of Pennsylvania.  The individual defendant challenged venue on the

ground that a substantial part of the events giving rise to the claims did not occur in

Pennsylvania, but rather, occurred in Michigan.

The Third Circuit initially addressed the venue statute by stating:

> [T]he current statutory language still favors the defendant
> in a venue dispute by requiring that the events or omissions
> supporting a claim be "substantial."  Events or omissions
> that might only have some tangential connection with the
> dispute in litigation are not enough.  Substantiality is
> intended to preserve the element of fairness so that a
> defendant is not haled into a remote district having no real
> relationship to the dispute.  Cottman, 36 F.3d at 294; see
> also Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 455–
> 56 (E.D. Pa. 2003).

The "events or omissions" giving rise to the claims in Cottman included the execution of

a contract in Michigan, advertising in Michigan phone directories and the unauthorized

use of trademarks in Michigan.  Id. at 295.  The court held that because these and other

events occurred in Michigan, and not in Pennsylvania, venue was improper in the

Pennsylvania District Court.  See Cottman, 36 F.3d at 295.

The fact that many of the events giving rise to a claim cause injury in a particular

district does not properly establish venue.  See Cottman, 36 F.3d at 295.  In Cottman, the

effects of the defendants' acts were felt in Pennsylvania, where venue was nonetheless

improper.  Id.  The district courts in the Third Circuit have drawn a sharp distinction

between the "minimum contacts" a defendant must have with a jurisdiction such that the

district court may exercise personal jurisdiction and the "substantiality" of contacts

needed for proper venue.  See Henshell Corp. v. Childerston, 1999 WL 549027 (E.D. Pa.

July 28, 1999).  The Cottman court noted that the relevant inquiry is not whether the

- 6 -

defendant has "contacts" with the jurisdiction, but "rather the location of those 'events or omissions giving rise to the claim.'" Cottman, 36 F.3d at 294.

In Henshell Corp. v. Childerston, 1999 WL 549027 (E.D. Pa. July 28, 1999), for example, the plaintiff, a Pennsylvania resident, brought a legal malpractice claim against a Delaware attorney because of his failure to file documents, pay sanctions and appear for court hearings in Delaware. The court held that, although the effects of the attorney's malpractice could be felt in Pennsylvania, where the plaintiff resided, the actions themselves took place in Delaware, making venue in the Eastern District of Pennsylvania improper. Id. at * 4; see also Loeb v. Bank of Am., 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003) (Allegations of economic harm in the district arising out of event that occurred elsewhere were insufficient to establish venue); Nagele v. Holy Redeemer Visiting Nurse Agency, Inc., 813 F. Supp. 1143, 1145–46 (E.D. Pa. 1993).

Here, the plaintiff alleges, in its last four claims against the individual defendants,[2] that the defendants "conspired with Defendant Mirage to . . .disseminat[e] the contents of Mirage's Complaint" and to make "other unfounded claims of ownership of the patents-in-suit in verbal and written communications." Complaint ¶ 115; see also ¶¶ 122, 129, 137. St. Clair acknowledges that the filing of Mirage's complaint was the triggering event with respect to its injuries and that it has suffered damages "specifically because of the allegations in Mirage's Complaint." Complaint ¶ 51. St. Clair further acknowledges that this is activity that took place in California (Complaint ¶ 50) and, moreover, does not allege that any of the "dissemination" of the contents of the complaint

---

[2] The first five counts of the Complaint, which seek a declaratory judgment of ownership, to quiet title pursuant to 35 U.S.C. § 261, to quiet title pursuant to Cal. Labor Code § 2870, to quiet title pursuant to the California statute of limitations and to quiet title pursuant to the doctrines of laches and estoppel, are asserted only against Mirage and are not asserted against Mousally or Ford.

took place anywhere other than in California. In fact, the Moussally and Ford declarations establish that they did not disseminate the contents of the Mirage complaint on their lone visit to Delaware, which took place seven months before the Mirage Complaint was filed.

It is St. Clair's contention that the filing of the Mirage complaint in California was the direct cause of the failed licensing arrangements or settlements. However, it is clear that none of the allegations upon which the claims against Moussally and Ford are founded, much less a "substantiality" of the alleged activity, occurred in Delaware. The only allegation that the plaintiff has connected to the individual defendants is their filing of the complaint **in California** and their dissemination of its contents **in California**.[3] Rather, without substantially most of the actions upon which the claims are based occurring physically within Delaware, venue is improper in this district. Accordingly, the claims against Moussally and Ford should be dismissed pursuant to 28 U.S.C. § 1406.

---

[3] St. Clair cannot even credibly argue that the effects of the individual defendants' alleged actions can be felt in Delaware. St. Clair is located in Michigan, and any injury consisting of reduced revenues would have occurred there. Even if the injury could be felt in Delaware, that fact is insufficient to establish proper venue. Henshell, supra.

## CONCLUSION

For the reasons detailed above, venue is improper in the District of Delaware and therefore, the defendants' motion to dismiss based on Fed. R. Civ. Pro. 12(b)(3) should be granted.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_____
Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J Moussally, Kenneth L. Ford and
Substitute Defendant Eastman Kodak Company

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY  10002
(212) 230-8800

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY LLP
300 State Street
Rochester, New York 14614
(585) 454-0714

June 21, 2005

# TAB A

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 549027
(Cite as: Not Reported in F.Supp.2d)

C

Not Reported in F.Supp.2d, 1999 WL 549027
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
HENSHELL CORPORATION,
v.
H. James CHILDERSTON, Esq.
**No. CIV. A. 99-2972.**

July 28, 1999.

MEMORANDUM AND ORDER

YOHN.

**\*1** Henshell Corporation ("Henshell") brings this legal malpractice action against H. James Childerston, Esq. ("Childerston"). According to Henshell, Childerston agreed to represent the company in litigation in Delaware state court, but belatedly failed to file an answer to the complaint, failed to pay sanctions imposed for the late filing, advised the company that it need not post a court-ordered bond, and failed to attend court hearings on a motion to strike the company's answer and counterclaim. See Complaint, ¶¶ 3-21. The result of Childerston's negligence, Henshell asserts, is that a default judgment was entered against it, garnishment proceedings were commenced against it, it was unable to post a bond to stay the execution of judgment against it because the garnishment had frozen its assets, and it was thus required to file for bankruptcy. See Complaint, ¶¶ 24, 25.

Childerston removed this case from the Philadelphia Court of Common Pleas and asserts that, pursuant to 28 U.S.C. § 1332, this court has diversity jurisdiction over the dispute because Henshell is a Pennsylvania citizen, he is a Delaware citizen, and the amount in controversy exceeds $100,000. Childerston then filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), asserting that Henshell failed to plead that Childerston's negligence proximately caused its harm. See Memorandum of Law in Support of Defendant's Motion to Dismiss, or in the Alternative, to Transfer ("Defendant's Mem."), at 4-6. In the alternative, Childerston asked the court to transfer this action to the District of Delaware under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). See id. at 7-11. For the reasons described below, Childerston's

motion to dismiss will be denied and the case will be transferred to the District of Delaware, as venue is improper in the Eastern District of Pennsylvania.

FACTUAL BACKGROUND

Childerston is a Delaware attorney with both a principal place of business and a residence in Delaware. See Complaint, ¶ 2; Childerston Dec., ¶¶ 2, 3 (attached to Defendant's Mem. as Ex. B). Childerston contends, and Henshell does not contest, that though Childerston is admitted to the Pennsylvania Bar, he has no office in Pennsylvania and practices exclusively from his Wilmington, Delaware office. See Childerston Dec., ¶ 4; Memorandum of Law Against Defendant's Motion to Dismiss or, in the Alternative, to Transfer ("Opposition"), at 2, 7, 10.

Henshell, a Pennsylvania corporation, retained Childerston to represent it in litigation in Delaware state court. See Complaint, ¶¶ 3-5. Default judgment was entered against Henshell on or about April 28, 1997, allegedly as a result of Childerston's failure to answer the complaint. See id., ¶¶ 6-9. Though the default was vacated on May 13, 1997, the court sanctioned Henshell $500 and ordered Henshell to post a $145,000 bond by May 23, 1997, in order to continue with the litigation. See id., ¶¶ 10-11. Henshell alleges that Childerston failed to pay the sanctions though he had promised to do so, and "led Henshell to believe that ... the bond did not have to be posted." Id., ¶¶ 12-15.

**\*2** Childerston filed Henshell's answer and counterclaim on May 20, 1997, but opposing counsel filed a motion to strike these pleadings based on Henshell's failure to post the required bond and to pay the sanctions. See id., ¶¶ 16-17. According to Henshell, Childerston failed to inform it of its opponent's motion to strike, and failed to attend the court hearing on that motion, with the result that the motion was granted, Henshell's answer was stricken, and judgment was entered against it. See id., ¶¶ 18-22. On the basis of the Delaware judgment, Henshell's opponent commenced garnishment proceedings against Henshell in Pennsylvania which operated to freeze Henshell's assets. See id., ¶ 24. Though the Delaware court later agreed to stay the execution of the judgment against Henshell if

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 549027
**(Cite as: Not Reported in F.Supp.2d)**

Henshell would post a bond and pay its opponent's attorney's fees, Henshell claims that it was unable to do so because its assets were already frozen and the "garnishee refused to release the garnishment." *Id.,* ¶ 23. Therefore, Henshell asserts, it was forced to file for bankruptcy as it was unable to post the bond required by the court. *See id.,* at ¶ 25. In the complaint, Henshell seeks damages for the harm it suffered as a result of Childerston's allegedly negligent representation. *See* Complaint, at 5.

## DISCUSSION

### I. Childerston's Motion to Dismiss Pursuant to Fed.R.Civ. P. 12(b)(6)

Childerston first contends that the complaint should be dismissed because it fails to state a claim for legal malpractice under Delaware law. FN1 *See* Defendant's Mem., at 6. In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in the plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996) (citations omitted); *Colburn v. Upper Darby Township,* 838 F.2d 663, 665-66 (3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989) (citations omitted). Although the court must construe the complaint in the light most favorable to the plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.*

FN1. Childerston asserts, and Henshell appears to agree for purposes of this motion, that Delaware law governs Henshell's legal malpractice claim because Delaware has the "most significant relationship" with the events forming the basis of this claim. *See* Defendant's Mem. at 5; Opposition, at 8 (commenting that "if Delaware law were to apply," it could be adequately interpreted by this court).

In order to maintain a cause of action for legal malpractice under Delaware law, Henshell must prove "[1] the employment of an attorney and [2] the attorney's neglect of a reasonable duty, as well as [3] the fact that such negligence resulted in and was the proximate cause of loss to the client." *David B. Lilly Co. v. Fisher,* 18 F.3d 1112, 1120 (3d Cir.1994) (applying Delaware law); *Sanders v. Malik,* No. 97C-10-231, 1997 WL 817854, at * 2 (Del.Super.Ct. Nov.21, 1997). Childerston claims that Henshell has failed to allege that his asserted negligence was the proximate cause of Henshell's loss. *See* Defendant's Mem., at 6. Contrary to Childerston's assertion, the allegations of Henshell's complaint, and reasonable inferences based on those allegations, could entitle Henshell to relief. Henshell has adequately alleged that Childerston failed to take specific actions which prevented Henshell from placing counterclaims and defenses before the Delaware courts. *See* Complaint, ¶ ¶ 6, 11-15, 21. Henshell also asserts that Childerston's negligence resulted in the entry of a default judgment against it which Henshell was unable to vacate because Childerston's negligence had also enabled Henshell's opponents to freeze its assets in a garnishment proceeding based on the default judgment. *See* Complaint, ¶ ¶ 23-25. Based on these allegations, the court cannot conclude that Henshell will be unable to prove a set of facts entitling it to relief against Childerston. *See Conley,* 355 U.S. at 45-46. Accordingly, Childerston's motion to dismiss based on Fed.R.Civ. P. 12(b)(6) is denied.

### II Childerston's Motion to Transfer Pursuant to 28 U.S.C. § 1406(a)

*3 In the alternative, Childerston contends that the Eastern District of Pennsylvania is an improper venue for this action, and that it should be transferred to the District of Delaware pursuant to 28 U.S.C. § 1406(a) (1993) (permitting court to transfer a case filed in an improper venue to "any district ... in which it could have been brought"). In a case where federal jurisdiction is based on diversity, such as this one, venue is proper only in

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (1993 & Supp.1999).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 549027
(Cite as: Not Reported in F.Supp.2d)

None of these provisions authorizes venue in the Eastern District of Pennsylvania. First, venue is inappropriate under § 1391(a)(1) because the record is undisputed that Childerston, an individual, resides in Delaware. *See* Childerston Dec., ¶ 3. Residence, for purposes of determining venue, is the place where an individual has his domicile or permanent home. *See Manley v. Engram,* 755 F.2d 1463, 1466 n. 3 (11th Cir.1985) ("it is the individual's 'permanent' residence-i.e., his domicile-that is the benchmark for determining proper venue"); *Rosenfeld v. S.F.C. Corp.,* 702 F.2d 282, 283 (1st Cir.1983) (noting that individual defendants "reside" where they "make their home"); 15 Charles A. Wright et al., *Federal Practice And Procedure* § 3805, at 33-35 (2d ed.1985) (noting that courts apply the "same test of domicile in determining 'residence' for venue purposes as is applied in determining 'citizenship' for jurisdictional purposes"). There is no evidence to suggest that Childerston is not, as he claims to be, a Delaware resident. The parties' arguments about whether the court may exercise personal jurisdiction over Childerston are inapposite to the inquiry demanded under § 1391(a)(1). *See* Defendant's Mem., at 10-11; Opposition, at 9-11. Under § 1391(a)(1), venue would be appropriate in Delaware, where Childerston resides. Because there is a district, namely Delaware, where venue is proper, § 1391(a)(3) will not provide a basis for venue in the Eastern District of Pennsylvania as there exists a "district in which the action may otherwise be brought." § 1391(a)(3) ; *Tucker v. Interscope Records, Inc.,* No. 98-4288, 1999 WL 80363, at * 3 (E.D.Pa. Feb. 17, 1999) (noting that venue may not be based on (a)(3) when the action could have been brought in another district; *Modern Mailers, Inc. v. Johnson & Quin, Inc.,* 844 F.Supp. 1048, 1055 (E.D.Pa.1994) (same).

Finally, § 1391(a)(2) does not provide a basis for jurisdiction in the Eastern District of Pennsylvania because few of the actions or omissions giving rise to Henshell's legal malpractice claim occurred in this district. The statute recognizes that a "substantial" part of the events or omissions forming the basis of a cause of action may occur in more than one district, but "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir.1994) (observing that, in breach of contract and trademark infringement case, venue was appropriate in district where contract was formed, infringing conduct occurred and where trademarked materials were retained); *Babn Technologies Corp. v. Bruno,* 25

F.Supp.2d 593, 597-98 (E.D.Pa.1998) (finding venue proper in district where allegedly breached contract was formed and took effect).

*4 Henshell contends that venue is proper in this district because Childerston "contracted with a Pennsylvania corporation to provide services, sent documents to Henshell's Pennsylvania address and contacted Henshell at its Pennsylvania offices." Opposition, at 10. Henshell also contends that because the harm it suffered as a result of Childerston's malpractice occurred in this district, venue is also proper. *See id.* Even assuming that the contacts Henshell identified would constitute "minimum contacts" such that this court would have personal jurisdiction over Childerston, FN2 these contacts are more tangential than substantial and do not establish that venue is proper in this district under § 1391(a)(2). *See Tucker,* 1999 WL 80363, at * 2 (finding that venue for claims concerning abuse of process in California litigation was proper in California and that Pennsylvania events were only tangentially related to claims arising from California litigation). The events and omissions giving rise to Henshell's claim, including Childerston's failure to file documents, pay sanctions, and appear for court hearings, all occurred in Delaware, where Childerston was representing Henshell in Delaware litigation. *See supra,* p. 2-3. Thus, as an insubstantial part of the events giving rise to Henshell's claim occurred in this district, venue is inappropriate under § 1391(a)(2). *See Saferstein v. Paul, Mardinly, Durham, James. Flandreau & Rodger, P.C.,* 927 F.Supp. 731, 736 (S.D.N.Y.1996) (finding venue for legal malpractice claim was appropriate only in districts where attorneys resided, prepared for, and litigated the underlying action); *Nagele v. Holy Redeemer Visiting Nurse Agency, Inc.,* 813 F.Supp. 1143, 1146 (E.D.Pa.1993) (in negligence case, venue was improper in Pennsylvania when all of allegedly negligent nursing care was provided in New Jersey); *Berube v. Brister,* 140 F.R.D. 258, 260 (D.R.I.1992) (finding venue inappropriate in Rhode Island in legal malpractice action against Massachusetts law firm based on firm's representation in Massachusetts litigation concerning a fire on Massachusetts property).

FN2. Though Henshell contends that Childerston would be subject to personal jurisdiction in this district because he has the constitutionally-required "minimum contacts" with Pennsylvania, such claim is dubious in light of a number of decisions

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 549027
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

rejecting similar contentions. *See Klump v. Duffus,* 71 F.3d 1368, 1372 (7th Cir.1995), *cert. denied,* 518 U.S. 1004, 116 S.Ct. 2523, 135 L.Ed.2d 1047 (1996) (finding that North Carolina attorney was subject to personal jurisdiction in Illinois for malpractice claim when "case would exclusively involve Illinois parties, Illinois law and would take place in Illinois"); *Sawtelle v. Farrell,* 70 F.3d 1381, 1390-91 (1st Cir.1995) (finding no personal jurisdiction over Virginia or Florida attorneys who represented New Hampshire resident in Florida wrongful death action because there were only phone calls into New Hampshire, all negligent legal services were performed elsewhere and where basis of asserted jurisdiction was harm felt in New Hampshire); *Trinity Indus., Inc. v. Myers & Assoc., Ltd.,* 41 F.3d 229, 231 (5th Cir.), *cert. denied,* 516 U.S. 807, 116 S.Ct. 52, 133 L.Ed.2d 17 (1995) (finding that attorney-client relationship with in-forum client alone is insufficient to subject attorney to personal jurisdiction in the forum); *FDIC v. Malmo,* 939 F.2d 535, 536-37 (8th Cir.1991) (finding that Missouri court had no personal jurisdiction over Tennessee attorney when attorney's only contact with Missouri was a letter soliciting business from Missouri bank, and rejecting bank's argument that jurisdiction existed because the effects of the attorney's negligence were felt in Missouri).

Henshell requests that, in the event this court concludes that venue is inappropriate in the Eastern District of Pennsylvania, the action be transferred to the District of Delaware. *See* Opposition, at 11. As venue is inappropriate in this district, the court will, in the interests of justice, transfer this action to the District of Delaware, where the action could have been brought originally. *See* 28 U.S.C. § 1406(a).

### III. Childerston's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

Because this action will be transferred to the District of Delaware under § 1406(a), the court need not consider Childerston's argument that transfer is also appropriate under 28 U.S.C. § 1404(a). This motion will, accordingly, be denied as moot.

**\*5** An appropriate order follows.

ORDER

AND NOW, this ____ day of July, 1999, after consideration of Defendant H. James Childerston's motion to dismiss under Fed.R.Civ. P. 12(b)(6), or in the alternative, to transfer this action to the District of Delaware, and the Plaintiff's reply, IT IS ORDERED that

II Defendant's Motion to Dismiss is DENIED;

II Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1406(a) is GRANTED and this action is TRANSFERRED to the United States District Court for the District of Delaware; and

II Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) is DENIED as MOOT.

E.D.Pa.,1999.
Henshell Corp. v. Childerston
Not Reported in F.Supp.2d, 1999 WL 549027

Briefs and Other Related Documents (Back to top)

• 2:99CV02972 (Docket) (Jun. 11, 1999)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## <u>CERTIFICATE OF SERVICE</u>

I, Edward M. McNally, hereby certify that on this 21st day of June, 2005, I

electronically filed Defendants George J. Moussally and Kenneth J. Ford's Opening Brief

in Support of Their Motion to Dismiss for Improper Venue with the Clerk of Court using

CM/ECF, which will send notification of such filing to the following:

> Frederick L. Cottrell, III, Esquire
> Chad Michael Shandler, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801

Edward M. McNally (#614)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com

1233603/1