## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., a Michigan corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIRAGE SYSTEMS, INC., a California corporation, GEORGE J. MOUSSALLY, an individual, and KENNETH L. FORD, an individual,<br><br>　　　　　Defendants. | Civil Action No. 05-273 (JJF) |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY, ST. CLAIR'S DECLARATORY JUDGMENT ACTION

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J Moussally, Kenneth L. Ford and
Substitute-Defendant Eastman Kodak Company

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
　HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY, LLP
300 State Street
Rochester, New York  14614
(585) 454-0714

June 21, 2005

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS .............................................. 3

SUMMARY OF ARGUMENT ..................................................................... 5

STATEMENT OF FACTS ........................................................................... 7

    A.    Mirage's Initial California State Court Action ............................. 7

    B.    St. Clair's Later Filing of This Federal Action ............................ 8

    C.    Substitute-Defendant Kodak and Its Interest
    in the Ownership Dispute ............................................................ 9

ARGUMENT ............................................................................................ 12

I.    THE COURT SHOULD EXERCISE ITS BROAD
    DISCRETION TO DISMISS THIS FEDERAL ACTION
    UNDER THE DECLARATORY JUDGMENT ACT ............................. 12

    1.    The Scope of the Pending California State
    Court Action Coincides With Declaratory
    Judgment Counts I-V ........................................................... 14

    2.    All of the Ownership Claims Can Be
    Adjudicated in California ...................................................... 15

    3.    Vital Parties to the Ownership Claims Are
    Absent From the Delaware Federal Action ............................ 15

    4.    The Parties Are Amenable to Process in
    the California State Court Action ........................................... 17

    5.    Proceeding With the Federal Declaratory Action
    Would Interfere With the California State Action ................... 18

    6.    Other Facts Also Weigh in Favor of Dismissing
    the Delaware Action ............................................................. 19

        a.    The Federal Court Declaration Will Not
        Likely Resolve the Ownership Dispute ....................... 19

b.   California Is A More Convenient Forum
     for the Parties ...................................................................20

c.   California Has a Significant Public Interest
     in Settling the Ownership Issue .........................................21

d.   In California, Other Remedies Are Available
     and Convenient ...................................................................22

II.   DISMISSAL OF ALL COUNTS OF ST.CLAIR'S
      COMPLAINT IS WARRANTED UNDER THE
      *COLORADO RIVER* DOCTRINE.......................................................24

      1.   *Colorado River* Provides Additional Bases
           to Dismiss Counts I-V................................................................25

      2.   Counts VI-IX Also Warrant Dismissal Under
           *Colorado River*.........................................................................26

           a.   The Claims Underlying Counts VI-IX
                and the California State Action Are Parallel.....................26

           b.   Federal Law Does Not Provide the Rule
                of Law on the Merits...........................................................29

           c.   The California State Court Obtained Jurisdiction
                Before the Delaware District Court ...................................29

           d.   St. Clair's Action Was Reactive and
                Vexatious in Nature ............................................................30

           e.   The California Action Adequately Protects
                St. Clair's Rights.................................................................30

           f.   Delaware is an Inconvenient Forum ..................................31

           g.   Proceeding in California Will Avoid
                Piecemeal Litigation ...........................................................31

CONCLUSION.............................................................................................33

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                      <u>Page</u>

<u>AeroGlobal Capital Mgmt, LLC v. Cirrus Indus., Inc.</u>,
871 A.2d 428 (Del. Super. 2005)...................................................................28

<u>Blake v. Pallan</u>,
554 F.2d 947 (9th Cir. 1977) ......................................................................21

<u>Brillhart v. Excess Ins. Co</u>
316 U.S. 491 (1942)............................................................................ Passim

<u>Bowl-Mor Co. v. Brunswick Corp.</u>,
297 A.2d 61 (Del. Ch. 1972).......................................................................27

<u>Cascade Natural Gas Corp. v. El Paso Natural Gas Co.</u>,
386 U.S. 129 (1967)....................................................................................21

<u>Colorado River Conservation District v. United States</u>,
424 U.S. 800 (1976)........................................................................2,5,6,24,26

<u>Envirometrics Software, Inc. v. Georgia-Pacific Corp.</u>,
No. 97-CV-243-SLR, 1997 WL 699328 (D. Del. Nov. 4, 1997) ........................23

<u>General Eng'g Corp. v. Martin Marietta Alumina, Inc.</u>,
783 F.2d 352 (3d Cir. 1986)......................................................................15,19

<u>Integral Dev. Corp. v. Weissenbach</u>,
99 Cal. App. 4th 576 (2002) ........................................................................17

<u>Intravascular Research Ltd. v. Endosonics Corp.</u>,
994 F. Supp. 564 (D. Del. 1998)...........................................................13,14,19,23

<u>Horack v. Minott</u>,
CA No. 94-958-SLR, 1995 WL 330730 (D. Del. May 26, 1995) ..................27,29

<u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>,
466 U.S. 408 (1984)....................................................................................16

<u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>,
460 U.S. 1 (1983)....................................................................................2,25

<u>National Union Fire Ins. Co. v. Freeport-McMoRan, Inc.</u>,
767 F. Supp. 568 (D. Del. 1991)...................................................................23

<u>New Beckley Mining Corp. v. International Union, UMWA</u>,
946 F.2d 1072 (4th Cir. 1991) ......................................................................27

Cases                                                                                              Page

Pedus Bldg. Svcs., Inc. v. Allen,
96 Cal. App. 4th 152 (2002) .........................................................................................17

Profile Mfg., Inc. v. Kress,
No. 93-1569, 1994 WL 108059 (Fed. Cir. 1994) .......................................................23,26

Robinson v. Ruiz,
772 F. Supp. 212, 214 (D. Del. 1991) ...........................................................................27

Rudnitsky v. Rudnitsky,
CA No. 17446, 2000 WL 1724234 (Del. Ch. Nov. 14, 2000) ............................................28

Sea Colony, Inc. v. Alcan Aluminum Corp.,
653 F. Supp. 1323 (D. Del. 1987).............................................................................30,31

State Auto Ins. Cos. v. Summy,
234 F.3d 131 (3d Cir. 2001)....................................................................................14,20

Terra Nova Ins. Co. v. 900 Bar, Inc.,
887 F.2d 1213 (3d Cir. 1989)...................................................................................13,19

TM Patents, L.P. v. Int'l Bus. Machs. Corp.,
121 F. Supp. 2d 349 (S.D.N.Y. 2000)...........................................................................15

Total Care Physicians, P.A. v. O'Hara,
798 A.2d 1043 (Del. Super. 2001)................................................................................28

United States Aircraft Ins. Group v. Dwiggins,
No. 03-CV-173-SLR, 2004 WL 51269 (D. Del. Jan. 5, 2004)............................................23

Wilton v. Seven Falls Co.,
515 U.S. 277 (1995).......................................................................................... Passim


Federal Statutes and Rules                                                                         Page

228 U.S.C. § 2201(a) ............................................................................................ 5,12,22

35 U.S.C. § 261 .................................................................................................12,14,15

## INTRODUCTION

St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") federal court complaint is no true action. It is a *reaction*, commenced in response to a California state court action that Mirage Systems, Inc. ("Mirage") filed to recover property and gains that rightfully belong to Mirage.

Mirage was a defense contractor that, when the Berlin Wall fell, had the vision and motivation to bring in new people to expand and develop its business instead of folding. George Moussally and Kenneth Ford, both engineers, turned a critical eye towards themselves and Mirage, and specifically hired and entrusted Jerry Speasl, Marc Roberts and Matthew Chikosky (the "Inventors") to develop business for Mirage. While working for Mirage, the Inventors took for themselves a digital camera invention they conceived through their work at Mirage and filed a patent application in their own names.

The Inventors actively concealed their invention and patents from Mirage, and Mirage was surprised to find out, years later, that the Inventors purportedly transferred their patents to St. Clair, a company who has collected millions of dollars asserting these patents against various digital camera companies. Upon investigating the Inventors' fraud and its ownership rights in these patents, Mirage brought its California action. California state court was the obvious choice for its action -- California has a great interest in vindicating the rights of Mirage, a California company for injuries inflicted in California.

St. Clair, who has successfully asserted these patents in this Court in the past, filed a declaratory judgment federal action in this Court to counter Mirage's California state suit. St. Clair implies that this Court is already familiar with *all* of the facts underlying Mirage's ownership claim. That is simply not true.

Under the U.S. Supreme Court precedents of <u>Brillhart</u>, <u>Wilton</u>, <u>Colorado River</u> and <u>Moses H. Cone</u>, there is no reason for this Court to exercise its jurisdiction over St. Clair's federal action, but many reasons why, under the discretion afforded by the Declaratory Judgment Act and the <u>Colorado River</u> doctrine, that St. Clair's action should be dismissed or stayed pending resolution of the California action.  By this motion, Defendants respectfully request dismissal of the federal action or, in the alternative, a stay until the California action concludes.

## NATURE AND STAGE OF PROCEEDINGS

In its May 6, 2005, complaint against Defendants Mirage, Moussally and Ford, St. Clair requests, among other things, a declaratory judgment of ownership of U.S. Patent Nos. 5,138,459, 5,576,757, 6,094,219, 6,233,010, 6,323,899 and 6,496,222, (collectively, "the Roberts patents"), all of which list Marc K. Roberts, Matthew K. Chikosky and Jerry A. Speasl as inventors (collectively, "the Inventors"). (See D.I. 1.) This complaint, however, is not the first action seeking to resolve a dispute over ownership of these patents. Mirage filed its own action in California state court on April 12, 2005, against St. Clair and the Inventors, requesting a declaratory judgment of ownership of the Roberts patents and alleging tort claims including breach of contract, breach of fiduciary duty, conversion, misappropriation of trade secrets, tortious interference with prospective economic advantage, misrepresentation, concealment, conspiracy and unfair competition, all relating to these patents. Three weeks later, St. Clair then filed a reactionary complaint in this Court.

At their core, Mirage's California action and St. Clair's complaint in this action -- whether the Inventors assigned their invention to Mirage, *their employer at the time they conceived and reduced to practice the invention.* Because St. Clair's action in this Court is largely duplicative of Mirage's California action, Defendants Mirage, Moussally and Ford hereby move to dismiss without prejudice Plaintiff St. Clair's May 6, 2005, complaint.[1] In the alternative, Defendants move to stay this federal action pending resolution of the parties' parallel ownership proceeding currently pending in California

---

[1] Moussally and Ford have also moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

state court.  Substitute-Defendant Eastman Kodak Company ("Kodak"), who purchased

Mirage's interest in the Roberts patents after both actions were filed, joins in this motion.

## SUMMARY OF ARGUMENT

Defendants request that this Court dismiss this action because St. Clair's allegations involve substantially the same parties and ownership issues as Mirage's California action, and the two actions are parallel and duplicative.

1.    This Court has broad discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to accept or decline jurisdiction over declaratory judgment actions. Employing that discretion, this Court should decline jurisdiction over Counts I through V of St. Clair's complaint, because those claims coincide with the claims of the California state action and can be adjudicated in California.[2]  The Court should also decline jurisdiction because the Delaware declaratory judgment action does not name all of the parties necessary to the ownership dispute and Moussally and Ford may not properly be haled into Delaware District Court, but all of the parties can be joined in California.  The public interest in resolving the ownership dispute in California is strong -- not only is California a more convenient forum for the ownership litigation, but it is also the best forum for fully resolving an ownership dispute that revolves around California torts committed against a California company under a California contract and that requests relief under California state law.  Finally, the Court should dismiss or, in the alternative, stay Counts I through V in favor of proceeding with the pending California action because going forward with the federal action concurrently would interfere with the California action and result in duplicative litigation.

---

[2] The remaining counts of St. Clair's complaint, VI- IX, are state law tort claims for which St. Clair has not sought a judicial declaration.  The <u>Colorado River</u> factors apply to these claims and warrant their dismissal.

2.     Dismissal of St. Clair's entire complaint is further warranted under the Colorado River abstention doctrine. For many of the same reasons that dismissal is appropriate under the Declaratory Judgment Act, Counts I through V should be dismissed based on application of the Colorado River factors. Similarly, the tort claims of Counts VI through IX should be dismissed because California state law, not federal law, controls these issues. Moreover, St. Clair should not be rewarded for its reactive filing of its federal complaint, when Mirage properly filed first in California state court, especially where St. Clair could raise all of its claims as affirmative defenses or counterclaims in California. Not only is California the more convenient forum for full resolution of the ownership issues between the parties, but Delaware is a decidedly inconvenient forum for the individual defendants. Not only are the Inventors absent from the Delaware action, but Moussally and Ford have also moved to dismiss St. Clair's federal action against them for improper venue.

Ultimately, proceeding in California rather than continuing St. Clair's federal action will avoid inconsistent and piecemeal litigation and further the goals of judicial economy. Therefore, Defendants respectfully request that the Court grant their motion to dismiss, or, in the alternative, to stay the federal action in favor of the pending California state action.

## STATEMENT OF FACTS

### A.    Mirage's Initial California State Court Action

On April 12, 2005, Mirage filed a complaint (the "Mirage Complaint") against St.

Clair and the Inventors in California state court for ownership of the Roberts patents,

breach of contract, breach of fiduciary duty, conversion, misappropriation of trade

secrets, tortious interference with prospective economic advantage, misrepresentation,

concealment, conspiracy and unfair competition.  (See Exhibit A, Mirage Complaint.)[3]

The Mirage Complaint alleges that Mirage is the rightful owner of the Roberts

patents by virtue of employment agreements that the Inventors signed, which required

them "to disclose to Mirage any proprietary information and inventions they make or

learn of during their employment" and "vest[ed] in Mirage all rights to any proprietary

information and inventions made or learned of by the Inventors during their

employment."  (See id. ¶ 28.)  Each agreement specified that it was governed by

California law.  (Id. ¶ 27.)

Regarding the invention, the Mirage Complaint alleges that the idea of a new

digital camera was raised by a Mirage customer to Chikosky in 1989.  (Id. ¶¶ 23-25.)

The inventors failed to disclose to Mirage the digital camera concept or the specifications

the customer had described to Chikosky in his capacity as a Mirage employee, as

required by their employment agreements.  (Id. ¶ 26.)  Instead, the Inventors, in breach of

their duties to Mirage, took the idea for themselves and not only filed a patent application

on the digital camera invention, but also incorporated a company called Personal

Computer Cameras, Inc. ("PCC"), to which they purported to assign their invention.  (Id.

---

[3] "Exhibit" refers to the specified exhibit attached to the Declaration of Caren K. Khoo, filed concurrently herewith.

¶ 33, 37, 41.)  The inventors never disclosed their invention or their patents to Mirage. (Id. ¶ 26.)

St. Clair later purported to acquire the rights to these patents from PCC.  (Id. ¶ 45.)  The Mirage Complaint alleges that St. Clair knew or should have known that the inventors worked for Mirage, that each had an employment agreement, and conceived and designed the inventions while employed by Mirage.  (Id. ¶ 46.)

On May 12, 2005, St. Clair and Speasl demurred on Mirage's California complaint, and Chikosky moved to quash for lack of personal jurisdiction.  In its demurrer, St. Clair raised the affirmative defenses of laches and the running of the California statutes of limitations.  (See Exhibit B, St. Clair's May 12, 2005, Demurrer.) Mirage has responded to these demurrers and filed an Amended and Supplemental Complaint that further details Mirage's ownership interest and answers the issues raised by the demurrers.  Mirage also responded to Chikosky's motion to quash the summons for lack of personal jurisdiction, explaining how personal jurisdiction over Chikosky is proper given that the basis of Mirage's claims are that Chikosky continuously concealed an invention in breach of his duties to Mirage and his employment agreement *that selected California law*, causing significant harm to Mirage *in California*.  Based on both the facts and California law, Mirage fully expects the California action to proceed against all parties on all claims.

**B.    St. Clair's Later Filing of This Federal Action**

On May 6, 2005, St. Clair filed this declaratory judgment action against Mirage and two of its officers (George Moussally and Kenneth Ford) in this Court, which essentially mirrors the Mirage Complaint ("the Delaware federal action").  St. Clair seeks a declaration of its ownership rights and to quiet title as to the Roberts patents, based on

federal and state laws, and alleges several tort claims based on Mirage's assertions of ownership of the patents.

The factual allegations in the St. Clair Complaint are strikingly similar to those in the Mirage Complaint. St. Clair alleges that Roberts, Chikosky and Speasl conceived of the digital camera invention and filed a patent application when they were all still employed by Mirage. (See D.I. 1, ¶¶ 15-16, 18-20.) In two causes of action, St. Clair acknowledges that employment agreements between the Inventors and Mirage potentially apply to the digital camera invention. (See id. ¶¶ 81-94.) St. Clair also concedes that California state law applies to at least some of its claims against Mirage, as it pled both defenses and a cause of action and defenses based on California law. (Id. ¶¶ 81-94.)

Regarding its relationship with PCC, St. Clair alleges that it purchased title to the Roberts patents from PCC for $60,000 plus one half of future net licensing revenue. (Id. ¶ 37.) By enforcing its purported patent rights, St. Clair has collected tens of millions of dollars from "licensees" and distributed millions to PCC. (Id. ¶¶ 37, 66.) PCC is not a party to the Delaware action.

Mirage and St. Clair agreed to extend Mirage's time to respond to the Delaware action until June 21, 2005. (See D.I. 10, Stipulation to Extend Time.) Defendants submit this motion and memorandum of law as its response to St. Clair's complaint.

## C.     Substitute-Defendant Kodak and Its Interest in the Ownership Dispute

At the time the two actions regarding ownership of the patents commenced, Kodak had no interest in the Roberts patents -- except as one of eleven defendants in St. Clair v. Samsung Electronic Co. et al., C.A. No. 05-1436-JFF (the "Delaware infringement action"), in which St. Clair alleges that Kodak infringes the Roberts patents.

Currently before the Court in the Delaware infringement action are the related issues of whether a stay should be granted pending a determination of the ownership dispute between Mirage and St. Clair, or whether bifurcation of the ownership issue is more appropriate.

After June 10, 2005, Kodak's interests in the Delaware infringement action and the two parallel litigations between St. Clair and Mirage changed. Over several weeks of extensive due diligence, Kodak learned that: (1) the Inventors, through their employment agreements, assigned to Mirage all inventions discovered or created during their employment; (2) the invention described in the Roberts patents would have been complementary to Mirage's business; in fact, Mirage actually incorporated digital cameras and imaging into projects in the 1990s, and Matthew Chikosky, one of the inventors, was a key player and liaison to customers on one such project; and (3) the Inventors never disclosed the invention to Mirage, despite having both the duty and ample opportunities to do so. Convinced of the merits of Mirage's ownership claim, Kodak purchased Mirage's interests in the Roberts patents on June 10, 2005.

Since purchasing these rights, Kodak has begun the process of notifying the courts in Mirage and St. Clair litigations of its ownership interest. In the Delaware infringement action, Kodak responded to St. Clair's motion to bifurcate the issue of ownership, and explained that a stay is appropriate in light of the California state action for many of the same reasons enunciated in this brief. In the California state action, Mirage, in its June 15, 2005, Amended Complaint, disclosed that Kodak had acquired all of the rights, title and interest in the Roberts Patents. Mirage also noticed St. Clair and the Inventors of its intention to substitute Kodak as Plaintiff in the California Action on

June 16, 2005.  Inexplicably, St. Clair and the Inventors opposed such substitution, forcing Mirage to submit a formal motion to substitute Kodak on June 17, 2005.

In this action, St. Clair has taken no steps to name or serve Kodak as a defendant, despite having knowledge of Kodak's purchase of the Mirage asserts.  Therefore, Kodak is filing, concurrently with this motion to dismiss on behalf of all Defendants, a motion to substitute as Defendant for Mirage under Federal Rule of Civil Procedure 25(c).

**ARGUMENT**

**I.**

**THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO DISMISS THIS FEDERAL ACTION UNDER THE DECLARATORY JUDGMENT ACT**

Claims I through V of the Complaint, which seek a judicial declaration of ownership of the Roberts Patents,[4] should be dismissed because Mirage's California action, which was filed prior to St. Clair's complaint, will decide this very issue.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (the "Act"), a court permissibly "*may*" -- not must -- "declare the rights and other legal relations of" a party seeking such declaration where an actual controversy exists. See 28 U.S.C. § 2201(a) (emphasis added); see also Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995) (pointing out the Act's "textual commitment to discretion" and the "breadth of leeway" it confers on the district court). Even where the "suit otherwise satisfies subject matter jurisdictional prerequisites," the Supreme Court has held that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." Wilton, 515 U.S. at 282; see also Brillhart v. Excess Insurance Co., 316 U.S. 491, 494, 499 (1942) (explaining that even with jurisdiction under the Act, the district court is "under no compulsion to exercise that jurisdiction;" rather, jurisdiction is discretionary). Where an action is brought under the Act, the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" is simply not

---

[4] Count I requests declaratory judgment of ownership pursuant to 28 U.S.C. § 2201; Count II requests quiet title and declaration of ownership pursuant to 35 U.S.C. § 261; Count III requests quiet title and declaration of ownership pursuant to § 2870 of the California Labor Code; Count IV requests quiet title and declaration of ownership pursuant to California statute of limitations; and Count V requests quiet title and declaration of ownership pursuant to laches and estoppel. (See D.I. 1.)

present. Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1222 (3d Cir. 1989)

(vacating and remanding a district court's stay with instructions to *dismiss* federal

declaratory judgment claims in favor of pending state litigation); see also Wilton, 515

U.S. at 288 (noting that in declaratory judgment actions, "practicality and wise judicial

administration" trump the "normal principle that federal courts should adjudicate claims

within their jurisdiction").

In deciding whether to dismiss or stay a declaratory judgment action in favor of a

pending state action, the Supreme Court in Brillhart enunciated the following factors to

weigh ("the Brillhart factors"):

> (1) the scope of the pending state court proceeding and the nature of defenses open there;
>
> (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that state court proceeding;
>
> (3) whether necessary parties have been joined;
>
> (4) whether the parties are amenable to process in the state court proceeding; and
>
> (5) whether the district court might be indulging in "gratuitous interference" if it permitted the federal declaratory action to proceed while the state action involving the same parties and presenting an opportunity for ventilation of the same state law issues is pending in state court.

316 U.S. at 495; Wilton, 515 U.S. at 283-84; see also Terra Nova, 887 F.2d at 1224

(noting additional considerations that may help the court decide whether to dismiss or

stay, including: (6) the likelihood that a federal court declaration will resolve the

uncertainty of the obligation giving rise to the controversy; (7) the convenience of the

parties; (8) the public interest in settlement of the uncertainty of the obligation; and (9)

the availability and relative convenience of other remedies); Intravascular Research Ltd.

v. Endosonics Corp., 994 F. Supp. 564, 574 n.11 (D. Del. 1998) (same). Here, all of the

Brillhart factors strongly weigh in favor of dismissal.

>   1.    The Scope of the Pending California State Court Action Coincides
>          with Declaratory Judgment Counts I-V

The scope of Mirage's California action coincides completely with Counts I

through V of St. Clair's Delaware action, making concurrent state and federal litigation

duplicative and wasteful. See, e.g., State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135

(3d Cir. 2001) (reversing District Court's decision to exercise jurisdiction when District

Court heard same evidence considered by state court).

Both Counts I through V of St. Clair's Delaware action and Mirage's California

action request judicial determination of ownership of the Roberts patents; these actions

simply seek opposite conclusions. If the California court finds for Mirage, it will have

found that "Mirage is, and always has been, the legal and equitable owner of all right,

title, and interest" in the Roberts patents and subject matter thereof, (Exhibit A, Mirage

Complaint, Prayer for Relief ¶ 2), and will have necessarily found that Mirage's claims

are not barred by the statute of limitations, laches or estoppel and that § 2870 of the

California Labor Code does not apply. Such a result in the California action would moot

Counts I, II, IV and V of the Delaware declaratory judgment action.

As for Count III of the Delaware federal action, St. Clair purports to base that

claim on the federal patent recording statute, 35 U.S.C. § 261. Section 261, however,

applies only to assignments "by an instrument in writing" and is inapplicable in this case.

See 35 U.S.C. § 261. The assignment from the inventors to Mirage was an assignment by

operation of the Inventors' employment agreements and not by a formal written

assignment requiring or that would be capable of being recorded with the United States

- 14 -

Patent and Trademark Office. St. Clair's own recording of its assignment was meaningless -- Mirage had no formal document to assign, such that St. Clair cannot perfect its record title through 35 U.S.C. § 261. See TM Patents, L.P. v. International Bus. Machs. Corp., 121 F. Supp. 2d 349, 366 (S.D.N.Y. 2000) (holding that § 261 does not require recording when title passes "by operation of law"); id. at 366 n.10 (finding no requirement of recording under § 261 when "[t]here was no document of assignment to record").

Consequently, because the scopes of each of the two actions coincide, this first factor weighs in favor of dismissal.

### 2. All of the Ownership Claims Can Be Adjudicated in California

Resolution of the ownership dispute will turn entirely on California law. Kodak's ownership claim is based on the Inventors' Employment Agreements with Mirage, which are specifically governed by California law. Therefore, construction and application of those agreements is a matter of California state law, not federal law. See General Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356 (3d Cir. 1986) ("The construction of contracts is usually a matter of state, not federal, common law."). As a result, all of the ownership claims can be adjudicated in California, and this second factor weighs in favor of dismissing the federal action.

### 3. Vital Parties to the Ownership Claims Are Absent from the Delaware Federal Action

The third factor, which considers whether the parties relevant to the claim are joined in the federal declaratory judgment and state actions, also militates in favor of dismissing St. Clair's declaratory judgment action.

- 15 -

In this action, St. Clair has named Moussally and Ford as defendants. Moussally and Ford, however, have moved this Court to dismiss St. Clair's claims against them for improper venue under Federal Rule of Civil Procedure 12(b)(3), because none of the acts that St. Clair alleges against them, much less a "substantial part," occurred in Delaware to make this venue proper. (See Defendants' Moussally and Ford's Motion to Dismiss for Improper Venue, filed on June 21, 2005.) If the Court grants Moussally and Ford's motion, then they will not be parties to the Delaware federal action.

In the California state action, Mirage brought suit against the Inventors and St. Clair in California state court, because Mirage's ownership claim arises out of the Inventors' California employment agreements as well as the Inventors' fraudulent conduct and unjust enrichment, making the Inventors indispensable parties to the ownership question. In comparison, the Inventors are conspicuously absent from the Delaware declaratory judgment action -- despite St. Clair's allegations concerning the Inventors' employment agreements, the Inventors' conception and reduction to practice of the invention, and whether that invention relates to Mirage's business.

Assuming that Kodak or St. Clair were to attempt to join the Inventors to this action, however, this Court would not likely be able to exercise personal jurisdiction over them. None of the Inventors reside in Delaware, and to date there is no evidence that any of the inventors has conducted "continuous and systematic" business activities in Delaware such that general jurisdiction would lie. Cf. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Furthermore, the ownership controversy does not "arise out of" any minimum contacts that the inventors may have had with Delaware, such that specific personal jurisdiction would lie. Id. at 414. Thus,

any decision by this Court in entertaining the declaratory judgment ownership claims

probably would not bind the Inventors -- the very parties whose improper conduct gave

rise to the dispute.

In contrast, the Inventors are named defendants to the California action. Unlike

Delaware, California has personal jurisdiction over the inventors. The pending California

action, therefore, is the only action capable of producing a decision binding on the

inventors and both of the parties claiming ownership.

For these reasons, efficiency and judicial economy would be furthered if the

Court dismissed the federal declaratory judgment action based on this third factor.

4.    The Parties Are Amenable to Process in the California State Court
      Action

The Brillhart factors also favor dismissal of this action because St. Clair and

Speasl have already conceded to personal jurisdiction and are amenable to process in

California.

On May 12, 2005, St. Clair and Speasl filed demurrers to Mirage's California

complaint, alleging various arguments for dismissal of the action without challenging the

California court's jurisdiction over them, thus conceding to jurisdiction in California.

Although Chikosky filed a motion to quash for lack of personal jurisdiction, Kodak

expects that motion to fail because Chikosky was subject to an employment agreement

with Mirage, which was expressly governed by California law. Under those

circumstances, the California state court may reasonably exercise personal jurisdiction

Chikosky. See Pedus Bldg. Svcs., Inc. v. Allen, 96 Cal. App. 4th 152, 165 (2002)

(approving exercise of California jurisdiction over party who had entered into a contract

that expressly stated that California law applied); Integral Dev. Corp. v. Weissenbach, 99

Cal. App. 4th 576, 588-93 (2002) (allowing exercise of personal jurisdiction over out-of-state employee of California corporation).

For the same reasons, Roberts, who appears to be evading service of process of the California complaint, will also be subject to personal jurisdiction in California. Moreover, the California court has already expressed an interest in exercising jurisdiction over Roberts by granting Mirage until August 12, 2005, to serve Roberts. (See Exhibit C, June 10, 2005, Order Extending Time to Serve at p. 2.)

As explained above, however, Delaware will not likely have personal jurisdiction over the Inventors. Therefore, this fourth factor also warrants dismissal of the federal declaratory judgment action.

5.    Proceeding with the Federal Declaratory Action Would Interfere with the California State Action

Even though St. Clair, Mirage and Kodak are (or will shortly be) parties to the California state action and the Delaware federal declaratory judgment action, the California action must go forward because the Inventors are only parties to the California action. Thus, proceeding with a parallel federal action when the California action could resolve all of the state law issues would create duplicative litigation and a real danger of interfering with the state action. As the Supreme Court admonished,

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart, 316 U.S. at 495; see also Wilton, 515 U.S. at 284. Dismissing the federal declaratory judgment action in favor of going forward with the California action would avoid that danger and comport with this mandate.

- 18 -

Examining the merits of St. Clair's ownership claim in this Court would result in a waste of judicial resources and piecemeal, incoherent litigation. Especially where an ownership claim rests on a state law contract, state, not federal, law governs the ownership of a patent. See General Eng'g, 783 F.2d at 356-57 (holding that absent a "significant conflict" between federal policy or interest and state law, state law governs). In the California state action, a California court will apply California law to determine whether the Inventors' California employment agreements with Mirage vested ownership of the Roberts patents in Mirage.

As pointed out above, however, the Inventors are not parties to and cannot likely be joined in the Delaware declaratory judgment action. Proceeding with the parallel, concurrent federal action, therefore, creates the additional risks of inequitably allowing St. Clair to make an end run around the live dispute between Mirage and the Inventors, which would undesirably "produce inconsistent rulings which would plague the proceedings along the way." See Intravascular, 994 F. Supp. at 574-75 (refraining from interfering with the state court action by dismissing declaratory judgment count); Brillhart, 316 U.S. at 495; Wilton, 515 U.S. at 284.

6.    Other Factors Also Weigh in Favor of Dismissing the Delaware Action

While all of the Brillhart factors above weigh in favor of dismissing St. Clair's Delaware declaratory judgment action, the following additional considerations provide further bases for dismissal. See Terra Nova, 887 F.2d at 1224.

a.    The Federal Court Declaration Will Not Likely Resolve the Ownership Dispute

As explained above, the case before this Court is incomplete because of missing parties -- the Inventors -- and the inability to bind those parties with any declaratory

- 19 -

judgment for or against St. Clair.  Consequently, there is a low likelihood that a federal

court declaration will resolve the ownership issue, but a high likelihood that the

California state court will be able to resolve the matter fully.  Thus, this factor favors

dismissal of the federal action.  See State Auto Ins. Cos., 234 F.3d at 136 (reversing

District Court's decision to exercise jurisdiction when a decision in the state-court action

"would have promoted the efficient resolution of both the declaratory judgment action

and the underlying [state] action").

        *b.*     *California Is a More Convenient Forum for the Parties*

       The convenience of the parties also weighs in favor of dismissal.  St. Clair, in

arguing against a stay in the Delaware infringement action, has stated that this Court is

already familiar with the "Mirage ownership issue" based on Canon's alleged covenant

not to sue from Mirage in St. Clair v. Canon Inc. et al., (Civil Action No. 03-241-JFF).

(Delaware infringement action, Civil Action No. 04-1436-JFF, D.I. 39).  Yet St. Clair

readily admits that the issue of Canon's alleged covenant not to sue was severed from

trial.  To date, this Court has only seen a glimpse of the ownership dispute as presented

by *Canon*, not *Mirage*.  Mirage, not a party to the St. Clair v. Canon action, was unaware

of the Roberts patents until contacted by Canon.  The Delaware infringement action

pending in this Court between St. Clair and Kodak is similarly deficient; the ownership

issue was raised only as an affirmative defense by the defendants *after* learning of Mirage

California state action.  (See e.g., id. D.I. 20)

       Mirage chose to file the California action based on the convenience of the parties

and because a substantial portion of relevant events occurred in California.  Mirage,

Moussally and Ford are all California residents.  All of the documents and most of the

witnesses -- including Speasl, one of the Inventors -- that would be produced in the

- 20 -

Delaware declaratory judgment action, are located in California. Even St. Clair has submitted to the California court's jurisdiction and retained California counsel. Proceeding in California state court, therefore, is more convenient than proceeding in Delaware.

          c.     *California Has a Significant Public Interest in Settling the Ownership Issue*

The public interest in settling the ownership issue in California also weighs in favor of dismissing this action.

Mirage is, and always has been, a California company. At its start, Mirage was primarily a defense firm. As the Cold War waned, however, Moussally and Ford realized that it had to diversify its business from the defense industry to survive. Accordingly, Mirage hired and entrusted the Inventors to find and develop new business. But, instead of helping Mirage, the Inventors usurped Mirage's business opportunity for themselves by developing a digital camera invention, misappropriated the invention by filing a patent application, and tried to deprive Mirage of its rightful title to the issued patents by conspiring and making purported deals with PCC and St. Clair. Mirage, upon discovering the patents and the Inventors' fraud, filed its California state action.

California has a clear interest in adjudicating and regulating disputes of its businesses. See Blake v. Pallan, 554 F.2d 947, 952 (9th Cir. 1977) (acknowledging California's "public interest" in regulating California businesses and competition) (citing Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 132-36 (1967)). The California state action centers on harm inflicted on Mirage. California law applies to resolve the ownership dispute, because Mirage's ownership claim arises from the Inventors' employment agreements (which are governed by California law) with Mirage

- 21 -

(a California company), and the fraudulent misrepresentations and omissions the Inventors made to Mirage while employed by Mirage to hide their bad acts. Moreover, Mirage's claims against St. Clair require application of California law, because St. Clair unlawfully took Mirage's California property (the Roberts patents), unjustly enriched itself to Mirage's detriment and unfairly competed against Mirage. Therefore, California state court, as the expert on California state law, has the strongest interest in protecting its residents and resolving their disputes, and the current federal action should be dismissed.

> d.     *In California, Other Remedies are Available and Convenient*

Finally, St. Clair has a complete panoply of remedies in the California state court. As its demurrer in the California action shows, St. Clair can (and, in fact, did) raise the affirmative defenses of laches and the running of the California statutes of limitations before the California court, and does not need the federal forum in this Court to air those issues. (Compare Exhibit B, St. Clair's May 12, 2005, Demurrer with D.I. 1, Counts IV and V.) St. Clair may also properly assert the defense that the invention of the Roberts patents is covered by § 2870 of the California Labor Code in the California action, and does not need to through the federal declaratory judgment action. (See D.I. 1, Count III.) In addition, St. Clair may allege, as a defense and counterclaim at least to Mirage's California conversion and unjust enrichment and declaratory relief claims, that it owns the patent and that it legally took ownership from the Inventors, obviating the need for its own separate declaratory judgment counts for ownership under 28 U.S.C. § 2201 or based on its recording of an assignment with the U.S. Patent and Trademark Office. (See D.I. 1, Counts I and II.)

*     *     *

The District of Delaware is no stranger to dismissing declaratory judgment actions where concurrent state proceedings would resolve the dispute. See, e.g., Intravascular, 994 F. Supp. at 573-75 (dismissing declaratory judgment count where the California state action could resolve the trade secret misappropriation and breach of confidence claim); See, e.g., United States Aircraft Ins. Group v. Dwiggins, No. 03-CV-173-SLR, 2004 WL 51269 (D. Del. Jan. 5, 2004) (dismissing declaratory judgment action in favor of state action including same parties and addressing same issues) (Exhibit D); National Union Fire Insurance Co. of Pittsburgh, PA. v. Freeport-McMoRan, Inc., 767 F. Supp. 568 (D. Del. 1991) (same). See also Envirometrics Software, Inc. v. Georgia-Pacific Corp., No. 97-CV-243-SLR, 1997 WL 699328 (D. Del. Nov. 4, 1997) (dismissing declaratory judgment claim when party brought declaratory judgment action to avoid the opposing party's "suit in another, less favorable, forum") (Exhibit E).

In this case, practicality and judicial economy call for the dismissal of Counts I-V of St. Clair's Complaint, in favor of proceeding with the California state action. In the event that this Court is not inclined to grant dismissal without prejudice of St. Clair's declaratory judgment claims, Kodak respectfully requests that the Court stay the current proceedings for the same reasons.

## II.

## DISMISSAL OF ALL COUNTS OF ST. CLAIR'S COMPLAINT IS WARRANTED UNDER THE *COLORADO RIVER* DOCTRINE

Dismissal or stay of a federal action in favor of a pending parallel state action may further be appropriate under the <u>Colorado River</u> abstention doctrine. Like the discretion afforded under the Declaratory Judgment Act, a court's discretion in declining concurrent jurisdiction under <u>Colorado River</u> arises from the principles of wise judicial administration, conservation of judicial resources and comprehensive litigation resolution. <u>See</u> <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817 (1976). Unlike the broad discretion under the Declaratory Judgment Act, however, abstention is the exception, not the rule, because federal courts usually have an obligation (sometimes referred to as a "virtually unflagging obligation") "to exercise the jurisdiction given them." <u>See</u> <u>id.</u>

Still, exceptional circumstances that warrant a court's dismissal or stay of a federal action when a state action involves substantially the same parties and issues, as here, do exist. To determine whether such a situation exists, the Supreme Court has laid out the following factors to consider (the "<u>Colorado River</u> factors"):

(1) whether federal law provides the rule of law on the merits;

(2) the order in which jurisdiction was obtained by the concurrent forums;

(3) whether one of the actions has a vexatious or reactive nature;

(4) the presence of a res or property over which jurisdiction has been asserted;

(5) the adequacy of state court proceedings to protect the plaintiff's rights;

(6) the inconvenience of the federal forum; and

(7) the desirability of avoiding piecemeal litigation.

See id. at 817-18; Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 16-26 (1983).

In this case, consideration of the following factors confirms that the Colorado River abstention doctrine appropriately applies to dismiss or stay St. Clair's Delaware action in favor of the California action.

### 1. *Colorado River* Provides Additional Bases to Dismiss Counts I-V

As analyzed under the previous Brillhart/Terra Nova discretionary factors, this Court may decline to exercise its jurisdiction over the declaratory judgment claims of Counts I though V of St. Clair's complaint.  (See, supra, at pp. 9-21, §§ V.A.1.-6.)  If, however, the Court seeks additional justification under the Colorado River doctrine, the conclusion is the same: dismissal of the federal action advances the aims of judicial economy.

For example, as explained above, St. Clair's declaratory judgment claims were filed in reaction to Mirage's California complaint, and coincide with the claims of the California action, yet the California action more fully addresses the California ownership questions as it includes the complete parties.  (See, supra, at pp. 13-15, §§ V.A.3-4.)  California is the more convenient forum for the parties, and a dismissal or stay of the federal action would avoid piecemeal litigation, because state law could resolve all of Counts I through V, especially where the Inventors are only parties to the California action, and not the federal action.  (See, supra, at pp. 13-15, §§ V.A.3-4.)  Additionally, the California state court proceedings adequately protect St. Clair's rights, because St. Clair can bring affirmative defenses and counterclaims in the California action that address its ownership contentions.  (See, supra, at p. 19, § V.6.d.)

As for federal law providing the rule of law on the merits of St. Clair's declaratory judgment claims, only Count III, based on the patent recording statute of 35 U.S.C. § 261, purportedly relies on federal law for resolution. Explained in detail in the previous section, however, Count III is merely a superficial attempt by St. Clair to claim federal question jurisdiction and § 261 simply does not apply in this case. (See, supra, at pp. 11-12 §§ V.A.1.) Consequently, this Court should abstain from taking concurrent federal jurisdiction over St. Clair's Counts I through V, and dismiss or stay those counts in favor of proceeding with the California state action. See, e.g., Colorado River, 424 U.S. at 821 (affirming dismissal of a concurrent federal action); Profile Mfg., Inc. v. Kress, No. 93-1569, 1994 WL 108059, at *2-4 (Fed. Cir. 1994) (analyzing the "reactionary" federal action on patent ownership and affirming the district court's decision to stay the federal action) (Exhibit F).

2. Counts VI-IX Also Warrant Dismissal Under Colorado River

Counts VI through IX of St. Clair's Complaint allege tortious interference with prospective business relations, slander of title, unfair competition and deceptive trade practices and conspiracy. (See D.I. 1, Counts VI-IX, ¶¶ 105-141.) Under the Colorado River factors analyzed below, those claims should be dismissed because a comparison of Counts VI through IX with the claims of the California state action reveals that exceptional circumstances exist to warrant abstention.

a.    The Claims Underlying Counts VI-IX and the
California State Action Are Parallel

Both the parties and the issues in the Delaware federal and California state courts are substantially the same. As explained previously, the parties of the Delaware federal action (St. Clair, Mirage, and soon, Kodak) and the parties of the California state action

- 26 -

(Mirage, St. Clair, and soon, Kodak) are substantially the same.  See Horack v. Minott, CA No. 94-958-SLR, 1995 WL 330730, at *5 (D. Del. May 26, 1995) ("Lawsuits are considered parallel if 'substantially the same parties litigate substantially the same issues in different forums.'") (quoting New Beckley Mining Corp. v. International Union, UMWA, 946 F.2d 1072, 1073 (4th Cir. 1991) (Exhibit G).  Moussally and Ford, who may be dismissed from this action for improper venue, could potentially be included in the California state action.  Inventors Speasl, Roberts and Chikosky, however, are defendants in the California action are not joined to the Delaware federal action.  (See, supra, at p. 13, § V.A.3.)  Thus, the parties in both actions are parallel.

Second, ownership underlies all of the claims in both the federal and state actions, making the issues in both actions parallel.  See Robinson v. Ruiz, 772 F. Supp. 212, 214 (D. Del. 1991) (holding that proceedings were parallel when parties asserted claims "arising from a single event").  On their faces, Counts VI through IX of St. Clair's complaint allege that Mirage, Moussally and Ford purportedly committed various torts that caused harm to St. Clair.  Upon more critical investigation, however, all of Counts VI through IX arise from the unproven assumption that St. Clair owns the Roberts patents.

For example, the first element of the tortious interference claim of Count VI is that St. Clair must have a *valid* business relation or expectancy.  See Bowl-Mor Co. v. Brunswick Corp., 297 A.2d 61, 65, 66 (Del. Ch. 1972).[5]  However, without ownership of the Roberts patents, St. Clair could not have a valid business relation or expectancy such

[5] For the purposes of this memorandum, Defendants have discussed St. Clair's tort claims in the context of Delaware law.  However, Defendants do not concede that Delaware statutory or common law applies, and reserves the right to address the choice of law question at a later time.

that it was entitled to continue negotiating licenses on those patents. Therefore, ownership is the prerequisite question underlying Count VI.

Similarly, slander of title requires proof of "(1) the malicious (2) publication of (3) *false matter* concerning the state of title of property which (4) causes special damages." Rudnitsky v. Rudnitsky, CA No. 17446, 2000 WL 1724234, at *12 (Del. Ch. Nov. 14, 2000) (emphasis added; internal quotations omitted) (Exhibit H). If the California court deems that Mirage, at all times up to June 10, 2005, was the titleholder and owner of the Roberts patents, then any statements about Mirage's ownership are true, and truth will be an absolute defense to Count VII. Again, ownership is a prerequisite to the slander claim, the determination of which may moot the claim of Count VII.

St. Clair's unfair competition and deceptive trade practices claim of Count VIII suffers from deficiencies similar to those of Counts VI and VII. Under Delaware common law, unfair competition requires, among other elements, proof that a defendant *wrongfully* interfered with a plaintiff's *reasonable expectation* of entering a *valid* business relationship. See Total Care Physicians, P.A. v. O'Hara, 798 A.2d 1043, 1057 - 58 (Del. Super. 2001). If Mirage is adjudged the owner of the Roberts patents by the California court, then St. Clair cannot have a reasonable expectation of entering a valid business relationship, and Mirage, Moussally and Ford could not have wrongfully interfered. Ownership again underlies this analysis.

With regard to conspiracy, the defects are even clearer. Conspiracy requires the commission of an "unlawful act." See AeroGlobal Capital Mgmt, LLC v. Cirrus Indus., Inc., 871 A.2d 428, 437 (Del. Super. 2005). St. Clair has not alleged and cannot contend that Mirage's filing of its California complaint or "dissemination" of the contents of the

California complaint was an "unlawful act." In fact, Mirage has a colorable claim of ownership. Assuming that the California court agrees with Mirage and decides the ownership question in Mirage's favor, then St. Clair cannot maintain its conspiracy cause of action under Count IX.

Accordingly, all of Counts VI through IX collapse on the question of ownership -- *exactly the same question* before the California state court, making issues of Counts VI through IX parallel to those of the California state action. See Horack, 1995 WL 330730, at *5 (deeming federal and state proceedings to be parallel, even when the claims are "substantially similar," which is a lower threshold than the identical claims of St. Clair's federal and Mirage's state actions).

> b.  *Federal Law Does Not Provide the Rule of Law on the Merits*

As discussed above, all of Counts VI through IX, arise out of state law, not federal law. Furthermore, California state law controls the ownership question, since Mirage's ownership claim arises out California contracts. Therefore, federal law does not provide the rule of law on the merits of the Delaware federal action, and this factor weighs in favor of dismissal.

> c.  *The California State Court Obtained Jurisdiction Before the Delaware District Court*

St. Clair admits that Mirage filed its California action regarding ownership of the Roberts patents on April 12, 2005, three weeks before it filed its own declaratory judgment action in the District Court of Delaware. (See D.I. 1, ¶ 50.) Moreover, the Defendants have not answered the St. Clair complaint, while in the California action, St. Clair, Speasl and Chikosky have filed dispositive motions, to which Mirage has responded. (See, supra, at pp. 5-6, §§ IV.A.) To the extent that St. Clair may argue that

- 29 -

its earlier-filed patent infringement case shows that this Court first exercised jurisdiction over the ownership claims, that argument must be rejected. Ownership of the Roberts patents did not become an issue in the patent infringement action until at least April 15, 2005, *after* Mirage filed its California state action. (See Delaware infringement action, Civil Action No.04-1436-JFF, D.I. 19.) Additionally, while federal law may control the infringement inquiry, state law -- here, California -- governs the question of ownership. Therefore, California obtained jurisdiction before the District Court of Delaware, and this factor also weighs in favor of dismissal of the later federal action.

### d.    *St. Clair's Action Was Reactive and Vexatious in Nature*

St. Clair filed its action in reaction to Mirage's California complaint, as evidenced by St. Clair's counts, which could have been raised as affirmative defenses or counterclaims in the California action. It also appears that St. Clair's complaint was designed to create as much nuisance and interference with Mirage's business, in that St. Clair named Moussally and Ford individually as defendants, when they have no substantial connection to Delaware. St. Clair's vexatious and reactive law suit is also a factor, therefore, that weighs in favor of dismissal.

### e.    *The California Action Adequately Protects St. Clair's Rights*

Because Counts VI through IX sound in common law, St. Clair could have -- and still can -- bring those claims as counterclaims in the California action. See Sea Colony, Inc. v. Alcan Aluminum Corp., 653 F. Supp. 1323, 1329 (D. Del. 1987) ("Given that the State court will apply [State] law, . . . it is beyond dispute that the [State] actions will adequately protect all parties' rights."). St. Clair, in its Delaware federal complaint, does not allege that the injury it purportedly suffered takes place solely in Delaware, and as St.

Clair has already submitted to the jurisdiction of the California court, it needs only to answer the California complaint and plead its tort counterclaims.

f.    <em>Delaware is an Inconvenient Forum</em>

As discussed previously, California is the most convenient forum for majority of the parties. While it makes little difference to St. Clair and Kodak, Delaware is decidedly inconvenient for Mirage, Moussally and Ford (and for Moussally and Ford, additionally, an improper venue). Not only will Mirage, Moussally and Ford have to spend extra time and expense traveling back and forth to the Delaware forum, but the locus of the ownership issues -- California, will be across the continent. Also, the Inventors are not parties to the Delaware action, and none are within the subpoena power of the Delaware District Court; in contrast, all of the Inventors are named in the California action, and either have or will likely appear. <u>See</u> <u>Sea Colony</u>, 653 F. Supp. at 1330 (D. Del. 1987) (granting a stay when "potentially interested parties to the action" could not participate in federal action for jurisdictional reasons). Therefore, the inconvenience of the Delaware forum further weighs in favor of dismissing the federal action.

g.    <em>Proceeding in California Will Avoid Piecemeal Litigation</em>

Finally, proceeding in California will allow the parties to fully air their dispute over the ownership of the Roberts patents. Counts I through V of St. Clair's complaint mirror ownership claims in the California complaint, and Counts VI through IX merely assert claims that would come to life only <em>after</em> ownership were determined. Avoidance of piecemeal litigation is a critical factor that weighs in favor of dismissal or stay. <u>See</u> <u>Sea Colony, Inc.</u>, 653 F. Supp. at 1327-28 (analyzing the <u>Colorado River</u> factors and staying a federal action in favor of a concurrent state proceeding). Therefore, litigating

- 31 -

ownership in California, which has personal jurisdiction over the Inventors, would

provide the best opportunity for all of the parties to fully and fairly present their claims.

\*       \*       \*

In light of the factors analyzed above, exceptional circumstances under <u>Colorado</u>

<u>River</u> exist to warrant a dismissal or stay of St. Clair's Delaware federal action in favor of

proceeding with the California state action.  As a result, dismissal or stay would further

judicial economy.

## CONCLUSION

For all of the above reasons, Defendants respectfully request that the Court dismiss St. Clair's complaint without prejudice, or in the alternative, grant stay of the current proceedings until resolution of the California action.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_____
Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J Moussally, Kenneth L. Ford and
Substitute-Defendant Eastman Kodak Company

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10002
(212) 230-8800

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY, LLP
300 State Street
Rochester, New York 14614
(585) 454-0714

June 21, 2005

## CERTIFICATE OF SERVICE

I, Edward M. McNally, hereby certify that on this 21st day of June, 2005, I

electronically filed Defendants' Opening Brief in Support of Their Motion to Dismiss or,

in the Alternative, to Stay St. Clair's Declaratory Judgment Action with the Clerk of

Court using CM/ECF, which will send notification of such filing to the following:

> Frederick L. Cottrell, III, Esquire
> Chad Michael Shandler, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801

Edward M. McNally (#614)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com

1233330/1