IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.

Plaintiff,

v.

MIRAGE SYSTEMS, INC., a California corporation, GEORGE J. MOUSSALLY, an individual, and KENNETH L. FORD, an individual,

Defendants.

Civil Action No. 05-273 JJF

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY, ST. CLAIR'S DECLARATORY JUDGMENT ACTION**

Dated: July 6, 2005

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ..... 2

SUMMARY OF THE ARGUMENT ..... 3

STATEMENT OF THE FACTS ..... 4

ARGUMENT ..... 6

I. AS A PRELIMINARY MATTER, THE CALIFORNIA STATE COURT CASE IS NOT THE FIRST-FILED. ..... 7

II. ST. CLAIR'S OWNERSHIP CLAIM UNDER 35 U.S.C. § 261 IS PROPERLY BEFORE THIS COURT. ..... 8

III. THE DECLARATORY JUDGMENT ACT FACTORS WEIGH IN FAVOR OF DENYING KODAK'S MOTION AND PROCEEDING TO LITIGATE OWNERSHIP IN DELAWARE ..... 10

IV. FOR MANY OF THE SAME REASONS, THERE ARE NO "EXCEPTIONAL CIRCUMSTANCES" UNDER THE *COLORADO RIVER* DOCTRINE THAT FAVOR ABSTENTION IN THIS MATTER. ..... 13

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Brillhart v. Excess Inc. Co.,*
*316 U.S. 491 (1942)* ........ 10, 11

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976) ........ 13

*Filmtec Corp. v. Allied-Signal, Inc.*,
939 F.2d 1568 (Fed. Cir. 1991) ........ 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1, 22 (1983) ........ 7, 8

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) ........ 10

**Statutes**

35 U.S.C. § 2201 ........ 13

35 U.S.C. § 261 ........ *passim*

A threshold issue to resolve all St. Clair litigation is determination of ownership of the patents-in-suit. This ownership question has been before this Court since July of 2004, in three separate litigations, all of which are currently pending. Only this Court has obtained actual jurisdiction over St. Clair's claim under the federal patent recording statute, 35 USC § 261. Since Kodak now asserts Mirage's claim to the Roberts patents, only this Court has also obtained actual jurisdiction over all parties who assert claims over the patents. This Court has unique expertise, unique jurisdiction and the most favorable procedural circumstances for a just and speedy resolution of the ownership dispute, which may be completely adjudicated under § 261. Kodak concedes this Court has discretion to exercise its jurisdiction, and merely asks this Court to decline to exercise that jurisdiction, in favor of an action filed by Mirage in California in which the § 261 issue is not even before the court.

Kodak incorrectly states that the federal and state court actions are identical. In fact, the California action was commenced by Mirage, that no longer so much as claims an interest in the patents, and that carefully avoided pleading the § 261 issue in California. Moreover, Kodak is not yet even a party to the California state court action! Kodak can only claim the federal and state actions are identical by ignoring this fact and dismissing St. Clair's federal claim under 35 U.S.C. § 261. This Court has already ruled, however, that there is prima facie evidence that St. Clair owns the patents under § 261 and this federal issue should be litigated in federal court.

This Court has substantial knowledge of both the ownership issue and background regarding the patents-in-suit. The proper jurisdiction for this litigation is Delaware. Even the California state court – the very court Kodak is urging this Court to defer to – has indicated that Delaware may be the proper forum to hear this dispute. St. Clair therefore respectfully requests

the Court deny Kodak's motion to dismiss or stay the pending matter and instead move forward in either (or both) of the pending Delaware cases and litigate ownership immediately.

## NATURE AND STAGE OF PROCEEDINGS

There are three pending St. Clair litigations in Delaware – *St. Clair v. Canon, et. al.* (Civil Action No. 03-241-JJF) (the "Canon" litigation), *St. Clair v. Samsung et al.* (Civil Action No. 04-1436-JJF) (the "Samsung" litigation), and *St. Clair v. Mirage, et al.* (Civil Action No. 05-273-JJF) (the "Kodak" litigation). The Canon matter is a patent infringement action in which the defendants Canon and Fuji are both asserting Mirage's purported ownership as a defense. The Samsung action is likewise a patent infringement action in which the accused infringers, including Kodak, have raised Mirage's purported ownership as a defense. Finally, the Kodak action in this Court is the action in which St. Clair and Kodak have directly contested title to the patents, and the action that is the subject of this motion.

In California state court, Mirage sued St. Clair and others on April 15, 2005 for various torts and declaratory judgment of ownership of the patents-in-suit (the "California" litigation). Kodak apparently seeks to substitute itself into the California action and Mirage apparently no longer claims any interest in the patents.

Although ownership has been pled in some form in all four pending litigations, ownership has yet to be litigated. The Samsung defendants, including Kodak, filed a motion to stay that litigation pending *either* this case or the California matter. (Civ. Action No. 04-1436-JJF, D.I. No. 30). St. Clair responded with a motion to bifurcate and immediately litigate ownership in Delaware. (Civ. Action No. 04-1436-JJF, D.I. No. 39). All defendants, except Kodak, agreed in principle to bifurcation and a prompt resolution of the ownership issue in this Court. (Civ. Action No. 04-1436-JJF, D.I. No.41). Despite the other Samsung defendants'

agreement to moving forward on the ownership issue, Kodak opposed bifurcation on the same grounds it raises here and made similar abstention arguments in its response. (Civ. Action No. 04-1436-JJF, D.I. No. 44). Kodak has now filed its motion to dismiss or stay this matter pending the California case.

## SUMMARY OF THE ARGUMENT

1. This court is uniquely situated to accomplish just and speedy resolution of the patent ownership dispute between St. Clair and Kodak, especially with respect to issues of federal law under the Patent Statute that are pending only before this Court. A stay of this case, as proposed by Kodak, will not lead to the most efficient and effective resolution of this matter. The matters pending before this Court and the California state court are not identical. Indeed, due to the federal question under 35 U.S.C. § 261 that is only pending in the Delaware litigations, the California state court cannot completely resolve the ownership dispute. Kodak attempts to dismiss this federal claim as frivolous, despite this Court's earlier finding that that there is prima facie evidence that St. Clair is the owner of the patents under § 261. There is no sound basis in law or policy for Mirage and Kodak to ignore § 261 and render the title recording system worthless. Clearly, as this Court has already indicated, § 261 is highly relevant to this action, and this Court is uniquely situated to resolve the ownership issue quickly and justly under § 261.

2. The discretionary tests of the Declaratory Judgment Act and the *Colorado River* doctrine weigh in St. Clair's favor and against Kodak's motion. The scope of the cases pending in Delaware and California are not identical and, due to the §261 issue pending only in Delaware, the California state court cannot completely resolve this issue. Moreover, only in Delaware are the proper parties before the Court. Kodak has yet to be substituted for Mirage in

California and, despite Kodak's claim that the inventors are necessary parties to the ownership issue, no one – not even the inventors themselves – claim the inventors have an ownership interest in the patents-in-suit. With three pending St. Clair litigations currently before this Court, all entailing the ownership issue, this Court is most familiar with and has the greatest stake in the issues involved in this dispute and can most effectively and efficiently resolve this matter. Even the California court itself indicated that Delaware may be the proper jurisdiction for the ownership dispute.

3. The ownership issue was first raised in this Court, not California, and has progressed further in this Court than it has in California. Ownership first arose, in a substantive manner, in litigation before this Court in July, 2004. A majority of the Samsung defendants then also counterclaimed or alleged lack of ownership as a defense in another earlier-filed Delaware action. While the California Mirage action may have been filed before this case, the order of filing should not determine the proper forum under the circumstances here. Case law clearly states that priority should not be measured exclusively by who filed first, but rather in terms of how much progress has been made. Indeed, this Court, in both this case and in the Samsung case, is much further along in litigating ownership than the California court and therefore this Court is the proper forum.

## STATEMENT OF THE FACTS

St. Clair filed a patent infringement action in this Court against Kodak and eleven other defendants on November 9, 2004. (Civ. Action No. 04-1436-JJF). To accommodate settlement discussions, St. Clair did not immediately serve the Complaint on the defendants in that matter but rather initiated settlement discussions. Kodak did not participate in settlement discussion and instead, requested service, and answered four months before the other defendants on January 27,

2005. In its Answer, Kodak initially did not allege lack of ownership as a defense or counterclaim. On May 19, 2005, Kodak sought to amend its Answer to add ownership in the Samsung infringement litigation, and St. Clair informed Kodak it would not oppose such an amendment. On the same day, the defendants in the Samsung litigation, including Kodak, filed a joint motion to stay that litigation pending the outcome of ownership in either this action or the California state court action.

One day after Kodak sought amendment to allege Mirage's ownership and sought a stay of the Samsung infringement action to allow resolution of the ownership dispute between St. Clair and Mirage, on May 20, 2005, Kodak entered into an agreement with Mirage to acquire all of its alleged rights in the patents-in-suit. Kodak did not notify the Court of this agreement at that time. (McGonigle Aff. Exs. A and B (Civil Action No. 04-1436-JJF, D.I. 43).) Kodak's agreement with Mirage closed on June 10, 2005 and despite three (3) additional filings in the meantime, Kodak did not inform this Court of its acquisition of Mirage's rights until June 17, 2005.[1] Kodak has yet to follow through with the amendment of its Answer in the Samsung litigation to assert lack of ownership as a counterclaim.

In the pending California litigation, Mirage filed an amended complaint to reflect the Kodak-Mirage deal and other newly articulated fact. A hearing on St. Clair's demurrer to the original complaint was cancelled, and the schedule was pushed back to allow for additional briefing on a renewed demurrer on the amended complaint and substitution of parties. At an *ex parte* hearing, the California Court was apprised of the two pending Delaware actions and consequently mentioned that a stay of the California state court action might be appropriate.[2]

---

[1] To date and despite numerous requests and a substitution motion to the Court, Kodak has yet to produce any document evidencing its purchase of Mirage's alleged rights in the patents-in-suit.

[2] St. Clair's local counsel in California, Ken Nissly, declared the following in an Affidavit filed in the Samsung matter:

Indeed, it is uncertain when or if the California state court matter will go forward — especially since the demurrer and substitution hearings are scheduled in mid-August with no other deadlines currently on the horizon.

On the other hand, the Delaware Samsung litigation is proceeding efficiently. The parties had a Rule 26(f) meet and confer, filed a proposed scheduling order, and St. Clair recently served ownership related discovery on all defendants, including Kodak. The parties are prepared for a Scheduling Conference and then can proceed with documents discovery and depositions. The ownership dispute can be ready for a bench trial within four (4) to nine (9) months as is custom in the Court. Now that Kodak has been substituted into the current litigation, ownership can likewise efficiently proceed to trial in this matter, involving the only two parties claiming an ownership right to the patents-in-suit: St. Clair and Kodak. To the contrary, the California state court litigation, procedurally, is not nearly as far along the process towards resolution of the threshold ownership issue.

## ARGUMENT

St. Clair does not believe that dismissal or a stay of this case, as proposed by Kodak, will lead to the most efficient and effective resolution of this matter. Indeed, due to the federal question under 35 U.S.C. § 261 that is only pending in the Delaware litigations, the California state court cannot completely resolve the ownership dispute. St. Clair deserves to be heard on

---

> "At [the ex parte] hearing . . . I told Judge Jacobs-May that St. Clair's ownership of the patents was also at issue in the prior-filed action brought by St. Clair against Kodak, and I submitted a highlighted copy of the complaint filed by St. Clair in [the Samsung] matter. Judge Jacobs-May denied Mirage's ex parte application and set the matter down for hearing on August 16, 2005. During the discussion at the ex parte hearing Judge Jacobs-May mentioned that a stay of the Superior Court action might be appropriate if the same issues were involved in the Delaware case."

(Nissly Decl. ¶¶ 4-5 (Civil Action No. 04-1436-JJF, D.I. 47).)

the ownership issue in a timely fashion in a forum best able to decide the dispute. Delaware is the proper forum.[3]

## I. AS A PRELIMINARY MATTER, THE CALIFORNIA STATE COURT CASE IS NOT THE FIRST-FILED.

Throughout its brief, Kodak relies on the California state court matter being the first-filed of the lawsuits. This is neither accurate nor particularly relevant. Ownership first arose, in a substantive manner, in the Canon litigation when defendants moved to dismiss for lack of standing based on ownership in July, 2004. St. Clair responded substantively, not merely procedurally as Kodak insinuates, with substantial briefing on the matter under 35 U.S.C. § 261 and other bases. Ownership also arose in the Samsung matter in May, 2005, also filed before the California suit, when three of the five defendants filed Answers alleging lack of ownership as a defense or counterclaim. (Civ. Action No. 04-1436-JJF, D.I. Nos. 19-21). Indeed, Kodak's efforts to amend its Answer to add ownership, a compulsory counterclaim which is waived if not pled, and then failure to follow-through in the Samsung matter is inexplicable. The only explanation is gamesmanship and forum shopping so Kodak can assert in the later-filed California action that ownership is not currently pending in the Samsung case.

Moreover, the order of filing should not determine the proper forum under the circumstances here. Mirage's choice of California state court should be given little weight in light of Kodak's effort to substitute itself and Mirage's lack of any continuing claim to the patents. As the Supreme Court stated in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, the "priority" factor, as with the other *Colorado River* factors (*see infra* Section IV), "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand . . . priority

[3] If the Court were to decide that the Samsung litigation is the proper case to try ownership, St. Clair would likely not oppose a stay in this litigation pending the outcome of the other pending Delaware case. (Civil Action No. 04-1436 (JJF)). Likewise, St. Clair does not oppose a stay of the tort claims in this suit pending a decision on ownership. The pending tort claims rely entirely upon the threshold ownership question.

should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." 460 U.S. 1, 22 (1983).

## II. ST. CLAIR'S OWNERSHIP CLAIM UNDER 35 U.S.C. § 261 IS PROPERLY BEFORE THIS COURT.

This Court should exercise its jurisdiction because at present it is the only court that has jurisdiction over the issue of who owns the patents under the federal patent assignment recording statute, 35 U.S.C. § 261. Kodak's argument that the Delaware and California matters "coincide" or are "parallel" for purposes of the Declaratory Judgment Act and abstention doctrines is simply untrue. The California state court does not presently have jurisdiction over the § 261 question, may never acquire jurisdiction over it, has no experience or expertise in deciding questions under the patent statute, and certainly will not under any circumstances reach the issue as promptly as this Court can. Moreover, the California state court does not have the same interest in resolving the ownership issue in order to further resolution of the patent infringement actions also pending before this Court.

Kodak suggests that § 261 is irrelevant because Kodak and its predecessor had no written assignment to record under § 261. (Def.'s Br. at 14.) This Court has already decided, however, that there is prima facie evidence that St. Clair is the owner of the patents under § 261. This Court previously ruled in the *St. Clair v. Canon* case that St. Clair is prima facie the owner of the patents under § 261 because "St. Clair [had] established that it [was] the titleholder of record in the United States Patent and Trademark Office." (Civil Action No. 03-241-JJF, D.I. No. 812.) Indeed, it is undisputed that St. Clair properly recorded its assignment from PCC to invoke the

protection of § 261, and it is further undisputed that Mirage never recorded any interest in the patents-in-suit.[4]

Kodak would throw out the entire statutory scheme for recorded title by arguing that Mirage had nothing to record. Congress mandated a title recording system for patents in § 261, under which title is established by recording in the patent office and under which buyers and sellers are encouraged to rely on public records of title, similar to such other property as real estate and automobiles. Mirage did not record its alleged title, but the inventors and PCC did. Consequently, the inventors and PCC appear on the face of the '459 patent as the record assignors and assignee, respectively. St. Clair properly relied in good faith on the recorded title of PCC and on the absence of any record of any conflicting claim of ownership by Mirage. St. Clair then properly protected its title by recording it. Section 261 clearly awards title to St. Clair under these circumstances. *See Filmtec Corp. v. Allied-Signal, Inc.*, 939 F.2d 1568, 1573-74 (Fed. Cir. 1991).

Mirage could have recorded any claim of title it asserted in the public record, but did not because, Kodak alleges, Mirage did not exercise sufficient diligence to discover its claim. Mirage simply failed to protect its claim of rights to title and now is left with a remedy of a contract action for damages against the inventors; the trade off for the certainty of a recorded title system is that prior claimants who fail to record their claim lose their claim of rights to the property. There is no sound basis in law or policy for Mirage and Kodak to ignore § 261 and render the title recording system worthless. Section 261 is thus highly relevant to this action, and this Court is uniquely situated to resolve the ownership issue quickly and justly under § 261.

---

[4] St. Clair extensively briefed for the Court in the *St. Clair v. Canon* case a number of other grounds on which St. Clair bases its ownership of patents-in-suit, which are set forth in St. Clair's Memorandum in Opposition to Canon's Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction (Civil Action No. 03-241-JJF, D.I. 621).

## III. THE DECLARATORY JUDGMENT ACT FACTORS WEIGH IN FAVOR OF DENYING KODAK'S MOTION AND PROCEEDING TO LITIGATE OWNERSHIP IN DELAWARE.

Kodak rightfully points out that jurisdiction in a declaratory judgment action is discretionary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Kodak goes on to discuss each factor in the discretionary *Brillhart* test as weighing in Kodak's favor – this is simply inaccurate. To begin, as discussed in Section II above, the scope of the proceedings do not coincide and therefore factors (1) the scope of the claims and defenses and (2) completeness of resolution in California both support St. Clair. The federal issue under § 261 necessitates federal jurisdiction. The claims and defenses are not identical in both jurisdictions. Indeed, resolution in California state court would merely answer four of the five declaratory judgment actions pending in Delaware and would necessitate additional litigation of the federal issue in Delaware. On the other hand, resolution in Delaware would resolve all pending ownership claims in California. Kodak's attempt to dismiss the federal § 261 claim as frivolous, despite this Court's previous ruling, is a transparent attempt to make the federal and state actions appear identical to fit into this argument.

Kodak next argues, as it has done before, that the inventors are necessary parties to the Delaware action and, because they are parties only to the California state court action, this matter should be dismissed or stayed. This factor also weighs in St. Clair's favor. The issue is declaratory judgment of the ownership of the patents. Only St. Clair and Kodak have an alleged ownership interest in the patents-in-suit. No one, not St. Clair, not any defendant to any St. Clair action, and not even the inventors themselves, have ever claimed the inventors have an ownership interest in the patents-in-suit. The inventors are not necessary parties. Indeed, both

the inventors in the California action and the Mirage principals in this action are parties to specific tort claims that rely upon a decision of ownership as between St. Clair and Kodak.

Kodak's fourth factor, that the parties are amenable to process in California, also weighs in St. Clair's favor in the discretionary balance. It is irrelevant that the inventors are amenable to process in California. Kodak and St. Clair, the only two parties involved in the ownership dispute, are parties in two pending Delaware actions. In the California state court action, however, Kodak's *ex parte* motion to substitute in for Mirage was denied and a briefing and hearing schedule was implemented with a hearing in mid-August. Kodak is not yet a party to that action and, indeed, the necessary parties are not present at this time in the California action. Only before this Court are all necessary parties present in the ownership dispute.

For the reasons stated in Section II above, Kodak's fifth factor also weighs in St. Clair's favor. The *Brillhart* court, in dicta, stated that dismissal or a stay may be appropriate if proceeding with the federal action would interfere with the state action. Specifically, the Court stated the following:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). For many of the reasons stated above, this factor too weighs in St. Clair's favor. To begin, the same issues are not present in the state court action because the § 261 issue is only present in the federal litigation. This precedent also clearly states that an issue governed by federal law, as the § 261 declaratory judgment claims is, should be litigated in federal court. Moreover, the same parties are not present, as Kodak is yet to be joined in California. And, finally, the most "economical," "orderly" and "comprehensive"

disposition of this matter will be immediately, in this Court, with a bench trial in four (4) to nine (9) months as is custom. Once again, Kodak's arguments fail.

Finally, Kodak's additional arguments in support of its motion also support this Court hearing the ownership dispute. (Def.'s Br. at 19-23.) Contrary to Kodak's arguments, the federal declaratory judgment action will resolve ownership once and for all. The federal § 261 claim and all state court ownership claims can be efficiently and effectively litigated in this Court. California is not a more convenient forum for the parties considering Kodak has yet to be substituted into the California dispute and St. Clair is already before this Court in three pending matters. Once again Kodak incorrectly argues that the inventors are somehow necessary parties to the ownership dispute and therefore California is a more convenient forum for them. This is simply not the case – the pending dispute is between only Kodak and St. Clair, both of whom are present in the present litigation and the pending Samsung matter. Kodak further argues that California has a public interest in litigating this dispute and more remedies are available in California. Again, Kodak is twisting the facts and law to support its preference for California. There is only one remedy sought by either St. Clair or Kodak in the ownership dispute – a declaration of ownership. The other pending tort claims in either action are incidental to the threshold dispute. Indeed, if St. Clair were to win on the ownership issue, most of Mirage's tort claims in California may be moot. Similarly, if Kodak were to win on the ownership issue, the pending tort claims in this action may be moot. Indeed, determining this threshold ownership issue as soon as possible in federal court will more efficiently move all parties in all pending St. Clair litigation closer to a final resolution.

## IV. FOR MANY OF THE SAME REASONS, THERE ARE NO "EXCEPTIONAL CIRCUMSTANCES" UNDER THE *COLORADO RIVER* DOCTRINE THAT FAVOR ABSTENTION IN THIS MATTER.

Although the *Colorado River* doctrine provides for a discretionary test, the Court states that abstention is the exception, not the rule, because federal courts usually have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). To determine when a federal court should abstain pending a state court action, the Court looks for "exceptional circumstances." There are no such exceptional circumstances in this case and therefore Kodak's motion should be denied. The factors and arguments in St. Clair's favor are summarized below because many of the factors in the *Colorado River* discretionary test mirror the Declaratory Judgment discretionary test.

| ***Colorado River* Factor** | **St. Clair's Argument** |
|---|---|
| (1) whether federal law provides the rule of law on the merits | Indeed, under 35 U.S.C. § 261 and the Declaratory Judgment Act of 35 U.S.C. § 2201, federal law governs all the pending ownership claims and therefore federal court is the proper forum. |
| (2) the order in which jurisdiction was obtained by the concurrent forums | As described in the opening argument, this ownership dispute first arose in July 2004 in the *St. Clair v. Canon* litigation. Ownership was further pled as an affirmative defense and counterclaim in the *St. Clair v. Samsung* matter filed on April, 2005. Although Kodak made efforts to amend its answer to plead lack of ownership as a counterclaim in the *Samsung* matter, it failed to do so. One explanation for its interruption in these efforts is a strategic plan to forum shop and attempt to keep ownership in California because it is not in the first-filed Delaware matter. Kodak's attempts should be denied, however, because this Court was the first to preside over the St. Clair ownership dispute and it should therefore be the first Court to try the issue. |

| | |
|---|---|
| (3) whether one of the actions has a vexatious or reactive nature | Mirage's California suit was the vexatious and reactive suit filed in response to two pending litigations in Delaware federal Court over the St. Clair patents. This matter is rightfully before this Court and has been since July 2004. |
| (4) the presence of a res or property over which jurisdiction has been asserted | Not applicable to the analysis. |
| (5) the adequacy of state court proceedings to protect plaintiff's rights | As stated above, the state court action is inadequate because the federal claim under 35 U.S.C. § 261, already deemed significant by this Court, must be litigated in federal court. Only in federal Court can the declaratory judgment ownership claim be efficiently and effectively litigated. |
| (6) the inconvenience of the federal forum | The only necessary parties to the ownership dispute – St. Clair and Kodak – are present in this Court in two pending litigations. No other parties are necessary to the action and therefore Kodak's arguments to the contrary fail. Delaware is convenient to both St. Clair and Kodak and, indeed, Kodak is not even a party to the California state court action as its *ex parte* motion for substitution was denied and a hearing on the matter is not scheduled until mid-August. |
| (7) the desirability of avoiding piecemeal litigation | Piecemeal litigation can be avoided by litigating ownership in one of the two pending Delaware actions because the relevant parties are present, all ownership related issues are present only in the federal action, and the additional tort claims will be simplified and potentially mooted in their entirety once ownership is decided. Moreover, if ownership is found in St. Clair's favor, settlement discussions in the *Samsung* matter will undoubtedly resume and possibly substantially simplify the litigation. |

## CONCLUSION

For the reasons stated above, St. Clair opposes Defendants' Motion to Dismiss or Stay St. Clair's Declaratory Judgment Action.

Dated: July 6, 2005

SEITZ, VAN OGTROP, & GREEN

By: /s/ Patricia P. McGonigle

George H. Seitz, III, Esquire (No. 667)
James S. Green, Esquire (No. 481)
Patricia P. McGonigle, Esquire (No. 3126)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
pmcgonigle@svglaw.com

ATTORNEYS FOR PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.

OF COUNSEL:
Ronald J. Schutz, Esquire
Jake M. Holdreith, Esquire
Becky R. Thorson, Esquire
Carrie M. Lambert, Esquire
Kimberly G. Miller, Esquire
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

# CERTIFICATE OF SERVICE

I, Patricia P. McGonigle, Esquire, hereby certify that on this 6th day of July 2005, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY, ST. CLAIR'S DECLARATORY JUDGMENT ACTION**

/s/ Patricia P. McGonigle

Patricia P. McGonigle (ID No. 3126)
pmcgonigle@svglaw.com