THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIRAGE SYSTEMS, INC., a California corporation, , GEORGE J. MOUSSALLY, an individual, KENNETH L. FORD, an individual and EASTMAN KODAK COMPANY, a New Jersey corporation,<br><br>Defendants. | Civil Action No. 05-273 (JJF) |

**DEFENDANTS GEORGE J. MOUSSALLY AND
KENNETH L. FORD'S REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS FOR IMPROPER VENUE**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J Moussally, Kenneth L. Ford and
Eastman Kodak Company

OF COUNSEL:
William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York  10002
(212) 230-8800

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY LLP
300 State Street
Rochester, New York  14614
(585) 454-0714

July 13, 2005

## TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

SUMMARY OF ARGUMENT AND ARGUMENT ......................................................... 1

CONCLUSION ................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page**

*Bates v. C&S Adjusters, Inc.*,
    980 F.2d 865 (2d Cir. 1992)..................................................................................2, 3

*Cottman Transmission Sys., Inc. v. Martino*,
    36 F.3d 291 (3d Cir. 1994)......................................................................................1, 2

*Lomano v. Black*,
    285 F. Supp. 2d 637 (E.D. Pa. 2003) .........................................................................2

**Statutes**

Fed. R. Civ. P. 12(b)(3)...........................................................................................................4

## SUMMARY OF ARGUMENT AND ARGUMENT

At the heart of this motion to dismiss for improper venue are St. Clair's own allegations in the complaint that Messrs. Moussally and Ford "conspired to intentionally and maliciously interfere with St. Clair's business relations with potential licensees by disseminating the contents of Mirage's Complaint and by making other unfounded claims of ownership of the patents-in-suit in verbal and written communications." (D.I. 1, Complaint ¶ 115; see also Complaint ¶¶ 122, 129, 137.) These events necessarily occurred in California, where the Mirage Complaint was filed and where the individual defendants reside. A "substantial part" of the events giving rise to the claims against the individual defendants therefore did not occur in Delaware, and venue in Delaware is improper. Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291 (3d Cir. 1994).

Attempting to avoid the implications of its own pleadings -- the clear California locus of the events critical to its causes of action -- St. Clair now argues that the individual defendants' declarations filed in the Canon litigation in Delaware establish proper venue in Delaware. St. Clair is wrong for several reasons.

First, the declarations, completed and signed in California, were filed in Delaware seven months before the filing of the Mirage Complaint in California. It is impossible for the individual defendants to have disseminated, in those declarations, the contents of a complaint that had not yet been filed. Second, and more important, the declarations were filed under seal. Their contents could not have been disseminated, and as a result, could not have induced other companies to refrain from settling actual or threatened lawsuits, or entering into license agreements. Third, even if the court were to consider the filing of the declarations to be an "event" that occurred in Delaware, it certainly does not rise to the level of "substantiality"

needed to establish proper venue. See Cottman, supra.; see also Lomano v. Black, 285 F. Supp. 2d 637, 643 (E.D. Pa. 2003) (Substantiality of events giving rise to tortious interference claims against two individual defendants did not occur in the Eastern District of Pennsylvania, but rather in Virginia where the defendants worked and resided and where they reported the allegedly inappropriate conduct of plaintiff to their superiors).

Apparently recognizing that the underlying events essential to its claims occurred outside of Delaware, St. Clair also argues that venue in Delaware is proper because the filing of the Mirage Complaint in California, alleged dissemination of its contents, and the filing of the declarations in Canon were "*directed* at disturbing litigations pending in the District of Delaware and at potential license agreements that included stipulations to be filed in the District of Delaware" -- in other words, "caused St. Clair undeniable *injury in* the District of Delaware." (See Pl. Ans. Br. at 1.) (emphasis supplied). Again, St. Clair is wrong.

By arguing that the individual defendants' acts were "directed" at Delaware litigation, St. Clair implicitly acknowledges that the key events must have occurred outside Delaware. Indeed, Mirage's claims of ownership of the Roberts Patents rightfully were raised in California by a California corporation and involve California employment contracts that will be interpreted under California state law. Further, the fact that St. Clair chose Delaware to bring its infringement actions and this declaratory judgment action does not mean that the effects of the defendants' activities were felt in Delaware. Instead, any injuries to St. Clair actually occurred in Michigan, where St. Clair resides.

In any event, where only the mere *effects* of a tort are felt in a district, venue is not proper in that district. Cottman, 36 F.3d at 295. St. Clair miscites the Second Circuit case of Bates v. C&S Adjusters, Inc., 980 F.2d 865 (2d Cir. 1992) for the proposition that venue is proper in a

- 2 -

district where only the harmful effects of an act are felt. There, the plaintiff incurred a debt while residing in the Western District of Pennsylvania, owed to a corporation whose principal place of business was in that district. He brought an action under the Fair Debt Collection Act against the defendant, a collection agency, in the Western District of New York, based upon a collection notice received at his home in New York. The defendant argued that venue was improper in New York because a substantial part of the events did not occur in the district. The court held, however, that the act giving rise to the litigation -- receipt of the collection notice -- was an integral part of the act of debt collection, and in fact, had occurred in New York so that venue in New York was proper. Bates, 980 F.2d at 868.

While the court characterized receipt of the collection notice as "harm," it articulated "the statutory standard for venue" as one that "focuses not on whether a defendant has made a deliberate contact . . .but on the location where the events occurred." Id. Receipt of the collection notice was the *event* giving rise to the litigation, and since that event occurred in the Western District of New York, venue there was proper. Bates does not support Plaintiff's assertion that the *effect of an event,* which it claims was felt in Delaware, is sufficient to support proper venue. Rather, Bates instructs that venue would be proper in the District of Delaware only if the event giving rise to the instant litigation, e.g., the filing of the Mirage Complaint or the actual dissemination of information from the Complaint, had occurred in Delaware. That is not the case.

## CONCLUSION

For the reasons detailed above and in the individual Defendants' opening brief, venue is improper in the District of Delaware and therefore, the defendants' motion to dismiss based on Fed. R. Civ. P. 12(b)(3) should be granted.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

/s/ Edward M. McNally

Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J Moussally, Kenneth L. Ford and
Eastman Kodak Company

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10002
(212) 230-8800

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY LLP
300 State Street
Rochester, New York 14614
(585) 454-0714

July 13, 2005

## CERTIFICATE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 13th day of July, 2005, I electronically filed Defendants George J. Moussally and Kenneth L. Ford's Reply Brief In Support of Their Motion to Dismiss For Improper Venue with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Frederick L. Cottrell, III, Esquire
> Chad Michael Shandler, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801
>
> George H. Seitz, III, Esquire
> James S. Green, Esquire
> Patricia P. McGonigle, Esquire
> Seitz, Van Ogtrop & Green
> 222 Delaware Avenue, Suite 1500
> P.O. Box 68
> Wilmington, DE 19899

_____
Edward M. McNally (#614)
Amy A. Quinlan (#3021)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com

1254051/1