## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., a Michigan corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No. 05-273 (JJF) |
| MIRAGE SYSTEMS, INC., a California corporation, GEORGE J. MOUSSALLY, an individual, KENNETH L. FORD, an individual, and EASTMAN KODAK COMPANY, a New Jersey corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY, PLAINTIFF'S DECLARATORY JUDGMENT ACTION

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J. Moussally, Kenneth L. Ford and
Eastman Kodak Company

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY, LLP
300 State Street
Rochester, New York 14614
(585) 454-0714

July 13, 2005

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

ARGUMENT ................................................................................................................3

I.    THE *BRILLHART* AND *COLORADO RIVER* FACTORS FAVOR
    DEFERENCE TO THE PENDING CALIFORNIA LITIGATION......................3

    A.    St. Clair's Reliance on 35 U.S.C. § 261 is a Smokescreen..........................3

    B.    The Ownership Dispute is Based in California Contract.............................5

    C.    Only the California State Action Can have All Necessary Parties ..............7

        1.    The Inventors are Necessary Parties ................................................7

        2.    Kodak Will be a Party to the California Action, Despite
        St. Clair's Attempts at Delay ............................................................8

    D.    The California Litigation is Proceeding on Pace .........................................9

    E.    St. Clair Cannot Conflate the Declaratory Judgment Action with the
    Other, Separate Delaware Infringement Actions to Support Priority..........9

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                    <u>Page</u>

*Acton Co. v. Bachman Foods, Inc.,*
668 F.2d 76 (1st Cir. 1982)..................................................................................7

*Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen,*
733 F.2d 1568 (Fed. Cir. 1984)........................................................................4, 6

*Brillhart v. Excess Ins. Co.,*
316 U.S. 491 (1942)........................................................................................6, 7

*Colorado River Conservation Dist. v. United States,*
424 U.S. 800 (1976)........................................................................................6, 7

*Cutaiar v. Marshall,*
590 F.2d 523 (3d Cir. 1979)................................................................................3

*F & M Distributors, Inc. v. American Hardware Supply Co.,*
129 F.R.D. 494 (W.D. Pa. 1990)........................................................................7

*Intravascular Research Ltd. v. Endosonics Corp.,*
994 F. Supp. 564 (D. Del. 1998)......................................................................6, 9

*Jim Arnold Corp. v. Hydrotech Sys., Inc.,*
109 F.3d 1567 (Fed. Cir. 1997)...........................................................................6

*Luis v. Dennis,*
751 F.2d 604 (3d Cir. 1984)................................................................................3

*Rashid v. Kite,*
957 F. Supp. 70 (E.D. Pa. 1997).........................................................................7

*Regents of the Univ. of New Mexico v. Knight,*
321 F.3d 1111 (Fed. Cir. 2003)...........................................................................6

*Rojas v. Loewen Group Int'l,*
178 F.R.D. 356 (D.P.R. 1998) ............................................................................7

*Skelly Oil Co. v. Phillips Petroleum Co.,*
339 U.S. 667 (1950)............................................................................................3

*State Auto Ins. Cos. v. Summy,*
234 F.3d 131 (3d Cir. 2001)................................................................................6

*TM Patents, L.P. v. IBM,*
121 F. Supp. 2d 349 (S.D.N.Y. 2000)...............................................................4, 5

*Travelers Indem. Co. v. Household Int'l, Inc.,*
775 F. Supp. 518 (D. Conn. 1991)......................................................................7

*U.S. Aircraft Ins. Group v. Dwiggins, L.L.C.,*
Civ. No. 03-173-SLR, 2004 U.S. Dist. LEXIS 5607 (D. Del. Mar. 31, 2004)...............8, 11

State Statutes                                                                 Page

California Labor Code § 2870 ...................................................................................3

Federal Statutes and Rules                                                     Page

35 U.S.C. § 261 .....................................................................................................1, 3

37 C.F.R. § 3.21 .......................................................................................................4

## INTRODUCTION

St. Clair begins its opposition by admitting -- and Kodak agrees -- that determining ownership of the Roberts patents is the "threshold issue to resolve all St. Clair litigation." (See Pl. Ans. Br. at 1.)  Following its first sentence, however, St. Clair veers off in the wrong direction, both factually and legally.

The "ownership issue" is, at heart, a contract dispute requiring construction of an employment agreement.  St. Clair fails to acknowledge this fact, let alone argue around it.  Instead, St. Clair relies on the Declaratory Judgment Act in an attempt to convert its California state law claims into federal ones -- a position contrary to controlling law.

Acknowledging the foundational weakness of that argument, St. Clair grabs at 35 U.S.C. § 261 -- the patent recording statute -- trying to find any federal basis for its claims.  But St. Clair cannot use the patent recording statute to fabricate jurisdiction.  Nor does its declaratory judgment action require the Court to determine who recorded first.  Mirage was never given a recordable interest and if the inventors' California employment agreements vested rights in Mirage, then St. Clair never obtained a valid assignment.

More egregiously, St. Clair repeatedly contends that this Court has already decided that § 261 applies, as if repetition could make it so.  It is *not* so.  In the separate St. Clair v. Canon infringement action, this Court identified "fact sensitive questions," such as "[w]hether Mirage is a prior assignee and whether St. Clair is a subsequent assignee that purchased the patents-in-suit for valuable consideration and without notice." *Those are precisely the fact-sensitive questions that the California state action will decide.*

In the face of its own jurisdictional dilemma, St. Clair resorts to presenting the St. Clair v. Canon and St. Clair v. Samsung infringement actions as first-filed actions

relevant to the analyses under <u>Brillhart</u> and <u>Colorado River</u>.  That argument is unsupported by St. Clair's words and deeds.  St. Clair has admitted that "ownership has yet to be litigated" in *any* action (Pl. Ans. Br. at 2.), and St. Clair filed its *own* action on ownership in this Court.  Those other infringement actions are irrelevant to the instant motion.  The issue is whether *this* Court in *this* action should defer to pending California litigation applying California law to interpret a California employment agreement.

**ARGUMENT**

I.    **THE *BRILLHART* AND *COLORADO RIVER* FACTORS FAVOR
      DEFERENCE TO THE PENDING CALIFORNIA LITIGATION.**

Kodak's ownership of the Roberts patents rests on the inventors' obligations
under their California employment agreements with Mirage.  Even St. Clair, by filing
state-based declaratory judgment claims, agrees with Kodak.  (See D.I 1, Complaint
¶¶ 81-104 (requesting a declaration of ownership and asserting, among other bases, the
California statute of limitations, laches and California Labor Code § 2870 in Counts I, III,
IV and V).)

In the face of those facts, St. Clair attempts to manipulate federal jurisdiction by
making claims under the Federal Declaratory Judgment Act (28 U.S.C. § 2201) and 35
U.S.C. § 261.  St. Clair cannot rely on the Declaratory Judgment Act to convert a state
law claim into a federal question.  See Luis v. Dennis, 751 F.2d 604, 607 (3d Cir. 1984)
(holding that the Declaratory Judgment Act does not itself confer federal jurisdiction)
(citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950)); Cutaiar v.
Marshall, 590 F.2d 523, 527 (3d Cir. 1979) (same).  Further, as explained below, § 261
does not apply to these facts.

A.    **St. Clair' s Reliance on 35 U.S.C. § 261 is a Smokescreen**

St. Clair fails to explain, except in the most conclusory manner, how § 261
applies to the ownership dispute.  Section 261 governs priority between *recordable*
assignments and applies only to assignments made "by an instrument in writing."  (See
Def. Op. Br. [1] at 14-15, 26); 35 U.S.C. § 261.  To be recorded under § 261, an assignment
"must identify the patent by the patent number" or "the patent application by the name of

_____

[1] "Def. Op. Br." refers to "Defendants' Opening Brief in Support of Their Motion to Dismiss, Or,
in the Alternative, to Stay, St. Clair's Declaratory Judgment Action" filed June 21, 2005 (D.I. 19).

each inventor and the title of the invention." 37 C.F.R. § 3.21. In contrast, Mirage took

title to the Roberts patents not "by an instrument in writing," but by operation of the

employment agreements themselves. Moreover, Mirage had *no notice* of its ownership

interest -- not for any lack of diligence, but because its former employees, Speasl,

Roberts and Chikosky, purposefully concealed the invention and the Roberts patents from

Mirage.

    Instead of addressing the § 261 arguments presented in Kodak's opening brief, St.

Clair attempts to sidestep them by asserting that "Mirage could have recorded any claim

of title" at any time. Absent from St. Clair's attempt to apply § 261 is an explanation of

*what Mirage could have recorded.* Where, as here, a patent owner takes ownership by

operation of a contract and has no written assignment to record, there is no obligation to

record. See TM Patents, L.P. v. IBM, 121 F. Supp. 2d 349, 367 (S.D.N.Y. 2000) (stating

that § 261 does not apply to assignments "by operation of law" when there is "no

document of assignment to record").

    St. Clair cannot use § 261 to make an end run around the fundamental contract

dispute here, and its pleas to the Court for such effect should be rejected. See Beghin-

Say Int'l, Inc. v. Ole-Bendt Rasmussen, 733 F.2d 1568, 1572 (Fed. Cir. 1984) ("Nothing

in § 261 itself creates a right of action in the federal courts seeking an interpretation of

contracts."). Mirage's ownership vested in the invention at *conception*; the inventors had

no rights in the invention by the time they filed the patent application and had no rights to

convey to St. Clair. If merely recording a purported assignment were sufficient to secure

title to a patent, then "any charlatan could fraudulently convey the patents of another to

- 4 -

any assignee, who could subsequently gain good title by simply recording the fraudulent assignment." TM Patents, 121 F. Supp. 2d at 367.

Instead of substantively explaining why § 261 should apply, St. Clair argues that "[t]his Court has already decided [] that there is prima facie evidence that St. Clair is the owner of the patents under § 261" based on the fact that, in the Canon action, this Court denied Canon and Fuji's motion to dismiss for lack of standing and subject matter jurisdiction. (Pl. Ans. Br. at 8.) St. Clair misstates the Court's Order in that case -- this Court never substantively decided St. Clair's ownership claim. (See Exhibit I,[2] Order dated September 16, 2004, Civil Action No. 03-241-JJF (D.I. No. 812).) Rather, it simply concluded that "[w]hether Mirage is a prior assignee and whether St. Clair is a subsequent assignee that purchased the patents-in-suit for valuable consideration and without notice are fact sensitive questions." Id. Precisely those fact-sensitive questions will be addressed through the California ownership, unjust enrichment and conversion claims. Once St. Clair's claim under § 261 is seen for what it is -- a ruse -- St. Clair cannot deny that the rest of its claims will be decided by the California state action. Judicial economy therefore supports dismissing this district court action in favor of the pending California state court action.

**B.    The Ownership Dispute is Based in California Contract**

St. Clair characterizes this action as one over ownership, but ignores that the parties' competing claims boil down to a classic state-law contract dispute. Under both the Declaratory Judgment Act and the Colorado River abstention doctrine, the critical question is this: would a California contract dispute be better resolved in the District of

---

[2] "Exhibit" refers to the specified exhibit attached to the Supplemental Declaration of Caren K. Khoo, filed concurrently herewith.

Delaware or in California Superior Court?  See Colorado River Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976); Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942).  The answer should be California, because California law controls California contracts.  See Regents of the Univ. of New Mexico v. Knight, 321 F.3d 1111, 1118 (Fed. Cir. 2003) ("State law governs contractual obligations and transfers of property rights, including those relating to patents.") (citing Jim Arnold Corp. v. Hydrotech Sys., Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997)); Beghin-Say Int'l, Inc., 733 F.2d at 1572 (Fed. Cir. 1984) ("The fact is that the outcome of the present contract action, however it may be decided in a state court or under state law, is a matter of monumental disinterest to the federal government.").

        As courts in this district have made clear, dismissing a district court case in favor of pending state litigation is particularly advisable when deciding the case would require resolution of state-law issues better suited for state-court determination.  See, e.g., Intravascular Research Ltd. v. Endosonics Corp., 994 F. Supp. 564, 574 (D. Del. 1998) (observing that "[o]nly the California appellate courts can definitively interpret California law" and recommending that state statutory and common law "are best left to the expertise of the California state court"); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135-36 (3d Cir. 2001) (cautioning that "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it" and noting that "when the state law is firmly established . . . declaratory judgments in such cases should be rare").  The Brillhart and Colorado River factors therefore strongly support dismissal of this declaratory judgment action in favor of the California state contract action.

**C.    Only the California State Action Can have All Necessary Parties.**

Under both <u>Brillhart</u> and <u>Colorado River</u>, the ability of the competing

jurisdictions to exercise jurisdiction over necessary parties is a significant factor.  <u>See</u>

<u>Brillhart</u>, 316 U.S. at 495; <u>Colorado River</u>, 424 U.S. at 817; (<u>see also</u> Def. Op. Br. at 13,

25-18, 25.).  Only the California state court can exercise jurisdiction over all of the

necessary parties to this ownership dispute.

        1.    <u>The Inventors are Necessary Parties.</u>

St. Clair's argument that the inventors are not necessary parties because they do

not <u>currently</u> claim any ownership interest in the Roberts patents is irrelevant and

misguided.  (<u>See</u> Pl. Ans. Br. at 4, 10, 12, 14.)  "[I]n breach of contract cases all

contracting parties will generally be necessary and indispensable."  <u>Rojas v. Loewen</u>

<u>Group Int'l</u>, 178 F.R.D. 356, 365 (D.P.R. 1998) (citing <u>Acton Co. v. Bachman Foods,</u>

<u>Inc.</u>, 668 F.2d 76, 78-79 (1st Cir. 1982)); <u>Rashid v. Kite</u>, 957 F. Supp. 70, 74 (E.D. Pa.

1997); <u>Travelers Indem. Co. v. Household Int'l, Inc.</u>, 775 F. Supp. 518, 526 (W.D. Conn.

1991); and <u>F & M Distributors, Inc. v. American Hardware Supply Co.</u>, 129 F.R.D. 494,

497-98 (W.D. Pa. 1990)).

Here, the inventors are the key parties to the Mirage employment contracts, and

their breach of those contracts have caused the current ownership dispute.  (<u>See</u> Exhibit

A, Mirage Complaint ¶¶ 54-64; Exhibit J, Mirage Amended and Supplemental

Complaint, ¶¶ 135-143; Def. Op. Br. at 3, 7, 16, 19, 21-22, 29.)  The three inventors,

however, are parties only in the California case and none is a party to this action.  As

district courts regularly decline to exercise jurisdiction when there are parties to the

pending state court action "relevant to the practical and timely disposition of claims," this

factor weighs in favor of the California action.  <u>U.S. Aircraft Ins. Group v. Dwiggins,</u>

L.L.C., Civ. No. 03-173-SLR, 2004 U.S. Dist. LEXIS 5607, at *10 (D. Del. Mar. 31, 2004) (Exhibit K).[3]

      2.    <u>Kodak Will be a Party to the California Action, Despite St. Clair's Attempts at Delay.</u>

St. Clair requests that this Court charge forward with this case to resolve the parties' disputes. On that basis, St. Clair points at the fact that Kodak has not yet been substituted as a party for Mirage in the California state action, but has been in this case. This request should be rejected for the gamesmanship that it is. (<u>See</u> Pl. Ans. Br. at 1.)

After purchasing the Roberts patents, Kodak immediately moved to substitute itself for Mirage in both the Delaware and California state actions. (<u>See</u> Def. Op. Br. at 10-11.) St. Clair does not dispute that Kodak is Mirage's successor-in-interest to the Roberts patents in Delaware. (<u>See</u>, Df. Op. Br. at 3) It chose, however, to oppose substitution only in California. Consequently, *St. Clair* engineered the delay in joining Kodak as party in California that it now relies on to argue that the parties in the two actions are not identical.

Just as this Court recognized Kodak's right to substitute into this action, the California Superior Court will allow Kodak to substitute as well. At that point, all the necessary parties -- Kodak, St. Clair, and the inventors -- will be parties to the California state action. By contrast, the necessary-party inventors are not part of this Delaware action, and this Court will not likely be able to exercise jurisdiction over them.

---

[3] Exhibit K is attached to the Supplemental Declaration of Caren K. Khoo, filed concurrently herewith. The March 31, 2004, <u>U.S. v. Dwiggins</u> decision case is not reported in Westlaw. In the string citation on page 23 of Defendants' opening brief, an earlier Westlaw decision in same civil action was mistakenly cited, and should be replaced with the Lexis decision of Exhibit K.

**D.    The California Litigation is Proceeding on Pace.**

St. Clair contends that the declaratory judgment action "is much further along in litigating ownership" than the California state action. (See Pl. Ans. Br. at 4, 6.) That is wrong.

Despite St. Clair's allusions to the California state action (Mirage Systems, Inc. v. Speasl et al., (Case No. 1-05-CV-039164)), being slowed, the California state action has made progress since the Defendants filed their opening brief. On June 28, 2005, the California Superior Court exercised jurisdiction over inventor Matthew Chikosky by denying his motion to quash for lack of personal jurisdiction. (See Exhibit I, Order Denying Motion to Quash for Lack of Personal Jurisdiction.) Additionally, inventor Marc Roberts was personally served in California on June 26, 2005, and is now a party to the California state action. (See Exhibit M, Return of Service of Process.) As a result, the California Superior Court has now exercised jurisdiction over all the inventors.

In both this case and the California case, a complaint has been filed and the defendants have moved to dismiss. The Court in this case is therefore on equal footing with the California court -- in both actions, the court will have to learn the relevant facts and law from the beginning. At this early stage, when "[n]either the California court, nor this Court has made much progress," it is "anyone's guess which court might come to judgment first." Intravascular Research Ltd., 994 F. Supp. at 571 (D. Del. 1998).

**E.    St. Clair Cannot Conflate the Declaratory Judgment Action with the Other, Separate Delaware Infringement Actions to Support Priority**

St. Clair relies on the separate St. Clair v. Samsung (Civil Action No. 04-1436-JJF) ("Samsung") and St. Clair v. Canon (Civil Action No. 03-241-JJF) ("Canon") cases to argue that those cases demonstrate priority in this Court on the ownership issue,

despite the fact that Mirage -- the owner of the patents until Kodak's recent purchase -- was not a party to either of those actions. (Pl. Ans. Br. at 7-8.) The Samsung and Canon actions are irrelevant to the Court's evaluation of the instant motion to dismiss. (See Def. Op. Br. at 20, 29-30.)

Significantly, St. Clair filed its current declaratory judgment action *after and in reaction to* Mirage's first-filed California state ownership action. The fact that St. Clair filed *this* ownership action in *this* Court belies its contention that the Samsung and Canon actions have or will resolve the ownership issue. Here, St. Clair's actions speak volumes over their words.

Contrary to St. Clair's contentions, there has been no significant progress on the merits of the ownership issue in either of those cases. This Court may be familiar with the gist of the ownership dispute from the Canon litigation, but has not heard the ownership issue *from the parties that own the patents* in that case. St. Clair's footnote citation to a sealed brief filed in the Canon action only highlights this fact. (See Pl. Ans. Br. at 9 n.4.) Kodak even gave St. Clair the benefit of the doubt by requesting to see these documents. But after reviewing these papers, it is clear that this Court has not examined and interpreted the inventors' employment agreements, or determined whether California statutory or common law affects Mirage's (now Kodak's) rights. St. Clair's attempt to take away Defendants' right to tell their own story in their own action by relying on the wholly separate Canon case must fail.

*       *       *

"Careful scrutiny" is required before a court elects to hear a case when "there is pending state court litigation between the same parties concerning the same issues." Dwiggins, 2004 U.S. Dist. LEXIS 5607 at *8. In exercising that scrutiny, this Court

- 10 -

should conclude that the California state action is the better forum to decide, under California law, the application and validity of employment agreements between the inventors and their former employer, Mirage.

## CONCLUSION

For the reasons stated above and in their opening brief, Defendants respectfully request that the Court dismiss St. Clair's complaint without prejudice, or in the alternative, grant stay of the current proceedings until resolution of the California state action.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
Amy A. Quinlan (#3021)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19801
(302) 888-6800
emcnally@morrisjames.com
aquinlan@morrisjames.com
Attorneys for Defendants Mirage Systems, Inc.,
George J Moussally, Kenneth L. Ford and
Eastman Kodak Company

OF COUNSEL:

William F. Lee
Mark D. Selwyn
Louis W. Tompros
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

William P. DiSalvatore
Caren K. Khoo
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, New York 10002
(212) 230-8800

- 12 -

Eric J. Ward
Amy L. Fici
Catherine A. Corlett
WARD NORRIS HELLER & REIDY, LLP
300 State Street
Rochester, New York 14614
(585) 454-0714

July 13, 2005

## CERTIFICATE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 13th day of July, 2005, I

electronically filed Defendants' Reply Brief in Support of Their Motion to Dismiss or, in

the Alternative, to Stay, Plaintiff's Declaratory Judgment Action with the Clerk of Court

using CM/ECF, which will send notification of such filing to the following:

        Frederick L. Cottrell, III, Esquire
        Chad Michael Shandler, Esquire
        Richards, Layton & Finger
        One Rodney Square
        Wilmington, DE 19801

        Edward M. McNally (#614)
        Amy A. Quinlan (#3021)
        Morris, James, Hitchens & Williams LLP
        222 Delaware Avenue, 10th Floor
        Wilmington, DE 19801
        (302) 888-6800
        emcnally@morrisjames.com
        aquinlan@morrisjames.com

1254233/1