IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY       :
CONSULTANTS, INC.,                    :
                                      :
         Plaintiff,                   :
                                      :
     v.                               :   Civil Action No. 05-273-JJF
                                      :
MIRAGE SYSTEMS, INC., GEORGE J.       :
MOUSSALLY, KENNETH L. FORD, and       :
EASTMAN KODAK CO.,                    :
                                      :
         Defendants.                  :

Frederick L. Cottrell, III, Esquire of
RICHARDS, LAYTON, & FINGER, Wilmington, Delaware.
George H. Seitz, III, Esquire of
SEITZ, VAN OGTROP, & GREEN, P.A., Wilmington, Delaware.
Of Counsel: Jake M. Holdreith, Esquire, Ronald J. Schultz,
Esquire, Annie Huang, Esquire, Becky R. Thorson, Esquire, David
B. Zucco, Esquire, Kimberly G. Miller, Esquire, and Carrie M.
Lambert, Esquire of
ROBINS, KAPLAN, MILLER, & CIRESI, LLP, Minneapolis, Minnesota.
Attorneys for Plaintiff.

David E. Brand, Esquire and Paul M. Lukoff, Esquire of
PRICKETT, JONES, & ELLIOT, P.A., Wilmington, Delaware.
Of Counsel: Caren K. Khoo, Esquire and Nora Q. E. Passamaneck,
Esquire of
WILMER CUTLER PICKERING HALE AND DORR LLP, Rochester, New York.
Of Counsel: Louis W. Tompros, Esquire and Michael J. Summersgill,
Esquire of
WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, Massachusetts.
Of Counsel: Eric J. Ward, Esquire, Amy L. Fici, Esquire, and
Catherine A. Corlett, Esquire of
WARD NORRIS HELLER & REIDY, Rochster, New York.
Attorneys for Defendants.

MEMORANDUM OPINION

March 8, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Individual Defendants' Motion To Dismiss For Improper Venue (D.I. 15) and Defendants' Motion To Dismiss Or, In The Alternative, To Stay (D.I. 19). For the reasons discussed, the Motions will be granted.

I. BACKGROUND

In 1989, the inventors of the patents-in-suit were employed by Mirage Systems, Inc.[1] ("Mirage") in California. In 1990, the inventors filed a patent application for their initial invention with the United States Patent and Trademark Office ("USPTO"). The first patent issued in 1992. Applications for five related patents were filed from 1993 to 2000, and the inventors received an individual patent for each.

In 1992, the inventors formed a corporation, Personal Computer Cameras, Inc. ("PCC"), and assigned all their rights, title, and interest in the six patents to PCC. In 1995, PCC assigned all its rights, title, and interest in the related patents-in-suit to Plaintiff. Plaintiff recorded the assignment in 1996. Since 2001, Plaintiff has been involved in several infringement actions in this Court regarding the patents-in-suit.

On April 12, 2005, Mirage filed a suit in California state court against Plaintiff and the inventors ("California Action"),

---

[1] Mirage is now owned by Defendant Eastman Kodak Co. To prevent confusion, however, the Court will continue to refer to the company as Mirage.

1

alleging that it was the rightful owner of the patents-in-suit. On May 6, 2005, Plaintiff filed the instant action, asking the Court to declare it the owner of the patents and also alleging various tort injuries.

Throughout all the litigation, Mirage has maintained that, pursuant to the inventors' employment contracts, it was assigned all the rights, title, and interest in the patents. Mirage contends that the inventors' employment contracts contained provisions, which required the inventors "to disclose to Mirage any proprietary information and inventions they make or learn of during their employment" and "vest[ed] in Mirage all rights to any proprietary information and inventions made or learned of by the Inventors during their employment." (D.I. 20 at 7.) As such, Mirage argues that the inventors could not have validly assigned their rights, title, and interest to Plaintiff.

Plaintiff, however, has maintained that it did rightfully purchase all rights, title, and interest in the patents from the inventors. Furthermore, Plaintiff has argued that the inventors held valid rights, title, and interest because they conceived the invention completely independent of any Mirage resources and duly recorded the patents with the USPTO. (D.I. 1 at 5.)

## II. DISCUSSION

By their Motions, Defendants request that the Court dismiss the claims against the individual defendants, George J. Moussally

2

and Kenneth L. Ford, two of Mirage's officers, for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).[2] In addition, Defendants request that this Court exercise its broad discretion to dismiss or stay Plaintiff's claims for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). In the alternative, Defendants contend that dismissal or a stay of the proceedings is warranted under the Colorado River Doctrine.

### A. Whether The Court Should Dismiss The Claims Against The Individual Defendants For Improper Venue

When a court has jurisdiction based on diversity of citizenship, venue is established pursuant to 28 U.S.C. § 1391(a). Under § 1391(a), suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a); Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 293 (3d Cir. 1994). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" Id. at 294 (citations omitted). The moving party

---

[2] 28 U.S.C. § 1406(a) provides:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

bears the burden of proving venue is improper. <u>CC Investors Corp. v. Raytheon Co.</u>, 2003 U.S. Dist. LEXIS 23938 (D. Del. 2003)(citing <u>Meyers v. Am. Dental Assoc.</u>, 695 F.2d 716, 724-25 (3d Cir. 1982)).

The Court concludes that this is an improper forum for an action against the individual defendants. All parties agree that the main issue in this case is ownership of the patents-in-suit. All of the events and omissions leading up to the ownership dispute occurred in the state of California. The subject matter of the patents-in-suit was invented in California, by inventors who were living in California, and working for Mirage, a California corporation, under an employment contract governed by California law. Whether Plaintiff was ever assigned title to the patents, or whether Mirage rightfully took title to the patents by operation of law, can only be determined by examining the events and omissions that occurred in California. There are no events or omissions that have transpired in Delaware that are relevant to determining ownership.[3] Accordingly, the Court will dismiss the action as to the individual defendants, Moussally and Ford, for improper venue.

---

[3] Plaintiff contends that venue is proper in Delaware because Defendants Moussally and Ford were to appear as witnesses in this Court in another case involving Plaintiff and the patents-in-suit. <u>See</u> 03-241-JJF. The Court concludes, however, that service as a potential witness in a case to which the individual defendants were not a party does not render this Court as an appropriate forum.

B.  **Whether The Court Should Exercise Its Broad Discretion And Dismiss Or Stay The Action Pending An Outcome In The California Action**

The Declaratory Judgment Act[4] has been described as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)(citations omitted). As such, a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment. Id. at 288. The Third Circuit Court of Appeals has put forth several factors to consider in deciding whether to exercise this discretion:

(1) whether the state court is better able to settle the controversy;
(2) whether the state court can adjudicate all the claims of the parties;
(3) whether necessary parties have been joined and whether such parties are amenable to process in the state proceeding;
(4) the likelihood that a federal court declaration will resolve the uncertainty of the obligation;
(5) the convenience of the parties;
(6) the public interest in settlement of the uncertainty of the obligation; and
(7) the availability and relative convenience of other remedies.[5]

---

[4] 28 U.S.C. § 2201(a) provides:
In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

[5]The parties argue that the Court should analyze this issue under the factors set forth in Colorado River Water Conservation

5

Nat'l Union Fire Ins. Co. v. Freeport, 767 F. Supp. 568, 570 (D. Del. 1991) (citing Terra Nova Ins. Co. v. 900 Barr, Inc., 887 F.2d 1213, 1222-23 (3d Cir. 1989); United States v. Dept. Of Environ. Res., 923 F.2d 1071, 1075 (3d Cir. 1991); Remington Arms Co. V. Liberty Mut. Ins. Co., 748 F. Supp. 1057, 1062 (D. Del. 1990)).

The Court concludes that a stay is appropriate in this case as to the remaining Defendants. First, the California state court is better situated to settle the parties' dispute over ownership. Mirage is a California corporation and the events giving rise to the instant ownership dispute, including formation of the employment contracts, occurred in California. Based on these facts, California's public interest in resolving the dispute far exceeds any interest of this Court.

Second, state court is a better forum for consideration of state law contract issues. Plaintiff relies on 35 U.S.C. § 261 to support its contention that this dispute must be resolved in federal court; however, the Court finds this argument unavailing.

---

Dist. v. United States, 424 U.S. 800 (1976), because there are pending parallel state court proceedings. The Third Circuit Court of Appeals has made clear, however, that Colorado River and its progeny "do not limit the traditional discretion of district courts to decide whether to hear declaratory judgment cases" even when there are pending parallel state court proceedings. Terra Nova Ins. Co. v. 900 Barr, Inc., 887 F.2d 1213, 1223 (3d Cir. 1989). Accordingly, under Third Circuit case law, application of the Colorado River factors is too restrictive when the Court is deciding whether to hear a claim for declaratory judgment.

Section 261 concerns the recording of patents and the subsequent right to assign the patents. 35 U.S.C. § 261. Before it can be determined who held the rights of assignment under § 261, a court must first determine who was the rightful owner of the patents-in-suit at the time of their invention in California under California law. This is a determination that can only be made by analyzing the facts and events giving rise to the invention within the context of the employment contracts between the inventors and Mirage.

    Third, it is unlikely that a federal court declaration will resolve the dispute. When there are duplicative proceedings, the court must exercise its discretion to avoid piecemeal litigation. <u>Wilton</u>, 515 U.S. at 281. If both the California Action and Plaintiff's action in this Court are allowed to proceed, it is possible that the proceedings will yield different, irreconcilable results.

    Finally, all necessary parties have not been joined in this case. The inventors are not parties to the action in this Court. Additionally, as discussed above, other parties will be dismissed in this action because this Court is an improper forum for bringing suit against them. Aside from being an improper forum, this forum is also highly inconvenient for the inventors and others based in California.

In these circumstances, the Court concludes that a stay as to the remaining Defendants is warranted. In the event that the California Action fails to dispose of all issues, Plaintiff will be free to seek redress of any remaining issues over which the court has jurisdiction in this Court.

## III. CONCLUSION

For the reasons discussed, Individual Defendant's Motion to Dismiss For Improper Venue (D.I. 15) and Defendants' Motion To Dismiss Or, In The Alternative, To Stay (D.I. 19) will be granted.

An appropriate Order will be entered.